Argued January 11, reversed February 21, 1961

# KREUTZER *v.* KREUTZER

359 P. 2d 536

*Harry A. Slack,* Coquille, argued the cause for appellant. On the brief were Slack & Slack, Coquille.

*J. B. Bedingfield* argued the cause for respondent. On the brief were Bedingfield, Grant & Bedingfield, Coos Bay.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

LUSK, J.

This is a proceeding for modification of a decree of divorce in which there was an award of custody of the minor children of the parties.

On May 28, 1958, a default decree of divorce was entered by the circuit court of Curry County in favor of the plaintiff, Lowell J. Kreutzer and against the defendant, Betty J. Kreutzer (now Betty J. Moser). Custody of the two minor children, Susan M. and Edward, who were at the time of the modification hearing respectively 11 and 10 years of age, was awarded to the plaintiff with rights of visitation reserved to the defendant. Both parties remarried after the divorce. Claiming changed conditions, the defendant on December 15, 1959 filed a motion supported by affidavit to modify the decree by granting her the custody of the children. On January 11, 1960, the court held a hearing at the conclusion of which the following occurred:

"The Court: Do you have any other witnesses?

"Mr. Bedingfield (Attorney for plaintiff): I have a couple more, if the Court wishes to hear them.

"The Court: Do you have any further testimony, Mr. Slack?

"Mr. Slack (Attorney for defendant): Prior to the time of trial this morning, Mr. Bedingfield and I stipulated that the Court might talk to these children in the privacy of your office.

"The Court: Do you have any other testimony?

"Mr. Slack: No.

"The Court: The Court doesn't desire to drag the children into these proceedings at all, I don't see any reason for it, I don't think the children

should be put to that test, I am not going to call them in and ask them what they think of one parent or the other, or anything of the kind.

"Mr. Slack: I would like to put the children on the stand, then.

"The Court: That request will be denied, and you can appeal to the Supreme Court if you want to. You won't be allowed to, I will not allow children of that age to be called to testify in a matter like this—I don't think you need put on any more testimony, Mr. Bedingfield—I am satisfied in this case that there hasn't been sufficient evidence produced here to warrant the change of custody of these children."

An order denying the motion was thereupon entered and defendant has appealed, assigning as error, inter alia, the court's refusal to permit the children to testify.

So far as appears, the children were competent witnesses. Neither was under ten years of age, ORS 44.030, nor in any other respect shown or claimed to be incompetent. See ORS 44.020, 44.030.[1] Nor is there any claim or basis for a claim that the court acted pursuant to ORS 45.530 which authorizes the court to "stop the production of further evidence, upon any

---

[1] ORS 44.020: "All persons, except as provided in ORS 44.030, who, having organs of sense can perceive, and perceiving can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action, suit or proceeding are excluded; nor those convicted of crime; nor persons on account of their opinions on matters of religious belief; although in every case, except the last, the credibility of the witness may be drawn in question, as provided in ORS 44.370.

ORS 44.030: "The following persons are not competent witnesses:

"(1) Those of unsound mind at the time of their production for examination.

"(2) Children under 10 years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. Whenever a child under the age of 10 years is produced as a witness, the court shall, by an examination made by itself, publicly or separate and apart with counsel present, ascertain to its own satisfaction whether the child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify."

particular point, when the evidence upon it is already so full as to preclude reasonable doubt."

■ Consequently, the right of the defendant to call the children to the stand and to elicit testimony from them material to the issues was precisely the same as it would have been in the case of any other competent witness. This is, of course, a fundamental right. *Lakson v. Lakson,* 124 Or 219, 263 P 891. In divorce cases, it seems to be uniformly held that the court has no authority to exclude the testimony of children of the parties of tender years if they are otherwise competent witnesses. 17 Am Jur 567, § 455, anno. 2 ALR2d 1330. There is no reason for a different rule in a proceeding for modification of a provision in a divorce decree granting the custody of children, for the parties to such a controversy have the same right to present evidence in open court as in any other case. *Rea v. Rea,* 195 Or 252, 277, 245 P2d 884, 35 ALR2d 612.

■ It is argued that, in the absence of an offer of proof, the defendant is in no position to urge the error, but in the circumstances of this case an offer of proof, or more properly, an offer to take the testimony under the equity rule, would have been unavailing; for the court's ruling was not based upon an objection to a question, but upon the court's expressed view that the children must not testify at all, because the court would "not allow children of that age to be called to testify in a matter like this." In the case of *Lakson v. Lakson,* supra, where the judge interrupted the hearing during the taking of rebuttal testimony on the part of the plaintiff and announced that he had made up his mind and would refuse to hear further testimony, the point was made in this court that error could not be predicated on the court's action unless the evidence which the witness would have given if he

had been permitted to testify was shown by the record. To this contention we said:

> "That rule applies only where proof of a fact is excluded because of some supposed legal objection to its admissibility, which objection cannot be determined without knowledge of the particular fact which the witness would have sworn to, and it has no application to the exclusion of rebuttal or any other testimony which is excluded not because of its supposed inadmissibility but because of the refusal of the court to permit one or more of the parties to introduce testimony in support of some material issue in the case." 124 Or 222.

We have examined the record for the purpose of determining if it is possible to hold that the exclusion of the children from the witness stand was not reversible error, but, in view of the fact that there was conflict in the testimony on the issue of changed conditions and that the children were in a position to testify concerning some of these matters, we have no alternative other than to reverse the decree and remand the cause for further proceedings.

We are reluctant to do this, for we share the view of the circuit judge that in a case of this kind, young children of the parties should not be forced to become witnesses and, perhaps, to take sides in open court against one or the other of their parents. This practice has been frowned upon by other courts. Thus it was said in *Buck v. Buck,* 320 Mich 624, 31 NW2d 829, 2 ALR2d 1325:

> "The practice of calling children of the parties as witnesses in a divorce action, has been repeatedly disapproved by this court. Counsel, if possible, should refrain from doing so. It is bad from a social view point though not legally forbidden."

See also *Price v. Price,* 127 Ark 506, 192 SW 893; *Robinson v. Robinson,* 65 McApp 216.

We find it unnecessary to discuss other errors assigned.

The decree of the circuit court is reversed.