Grace **TAYLOR**, Appellant (Plaintiff below),

v.

Gail **MacDONALD**, Appellee
(Defendant below).

Ira **O. TAYLOR** and Sherri Lynn Taylor, a
minor, by and through her father and next
friend, Ira O. Taylor, Appellants (Plaintiffs
below),

v.

Gail **MacDONALD**, Appellee
(Defendant below).

Nos. 3402, 3403.

Supreme Court of Wyoming.

Jan. 17, 1966.

Gerry L. Spence, Riverton, and Vincent
A. Vehar, Evanston, for appellants.

E. J. Herschler, Kemmerer, for appellee.

Before PARKER, C. J., and HARNS-
BERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Grace Taylor and both her husband and minor daughter brought separate suits against Gail MacDonald for injuries resulting from an automobile accident occurring while Grace and Sherri Taylor were riding as guests in the automobile owned and driven by Mrs. MacDonald. The actions, consolidated for trial, resulted in verdicts and judgments for defendant, and plaintiffs have presented a consolidated appeal, charging certain errors in the trial of the case: the exclusion of testimony as to defendant's conversation concerning the accident; the admission of a layman's testimony as to the speed of the accident vehicle; and the admission of testimony of a highway patrolman on various aspects of the case.

There is little dispute as to the facts, the record showing that on July 22, 1963, Grace Taylor, a fifty-three-year-old, blind woman, and her thirteen-year-old daughter at the invitation of defendant had gone on a picnic some four miles south of Evanston, Wyoming; that on their way home, after they had proceeded about two miles, the car overturned, resulting in serious injuries, which rendered Mrs. Taylor a permanent paralytic; and that the daughter suffered fractures of the right arm, wrist, pelvis, and other injuries which incapacitated her for some three months. The time of the accident was between 1:30 and 2 p. m.; the weather clear; and the 23-foot-wide road good, although a patrolman testified that there had been complaints because of the shoulder dropping off from the oil mat. According to Mrs. MacDonald's statement, her purse and "witnessing case," containing a Bible, booklets, and possibly one or two books, some tracts, and magazines, and weighing approximately five pounds, was on the front seat between her and Mrs. Taylor, who sat in the middle, the daughter sitting by the right-front door. While Mrs. MacDonald was moving the bag and purse from crosswise to lengthwise with the car, or as Sherri said, to the back seat, the vehicle left the road, skidded on the shoulder for a distance; she stepped on the gas to get it back on the road, trying to regain control; it started over in the left lane; and since another car was coming, she tried to get back in her own lane, and her vehicle overturned, causing the wreck and the mentioned injuries. The defendant thought the speed of her vehicle, prior to its leaving the road, was approximately 50 miles per hour, while Sherri testified that she saw the speedometer at about that time and that it registered 80 miles per hour. The speed, of course, has a potential bearing upon gross negligence, essential to plaintiffs' recovery under § 31-233, W.S. 1957, and hence there was both in the trial court and here controversy over the evidence concerning that aspect.

The first charge of error grows out of the testimony of Georgia McCullough, a witness who was called by plaintiffs to state a conversation which she had with the defendant about the accident some three months later. Defendant's counsel objected to this on the ground that it was long after the accident and not a part of the res gestae, the court then suggesting it to be rather remote, whereupon plaintiffs' counsel responded that it pertained to admissions against interest, not within the remoteness rule, but the court rejected it, saying however, "Well it is up to you. I can hear you later during the recess on the matter, if you want to." Defendant contends that in order to urge the point here it is necessary that plaintiffs have made an offer of proof. We cannot agree. As was said in State v. Ditzel, 77 Wyo. 233, 311 P.2d 961, 314 P.2d 832, 833, when the nature of the expected testimony clearly appears, as it did here, an offer of proof is unnecessary. The plaintiffs by the proffered testimony attempted to show a statement of defendant against interest, to which the question of remoteness or res gestae had no relationship. Thus, the question was relevant and proper, and its exclusion was error. However, both from argument presented to us and

the affidavit for new trial reciting what the witness would have testified, it is apparent that the matters sought to be proved by Georgia McCullough were presented to the jury by other testimony and were not controverted by the defendant. The error was therefore not prejudicial.

■ Appellants argue that it was error to allow Mr. Bricken, a motorist who was approaching from the opposite direction at the time that the MacDonald car started off the road, to testify over their objection that the MacDonald car was in his opinion not exceeding 50 miles per hour. They cite Haight v. Nelson, 157 Neb. 341, 59 N.W.2d 576, 42 A.L.R.2d 1, and Peake v. Omaha Cold Storage Co., 158 Neb. 676, 64 N.W.2d 470, and insist that Mr. Bricken did not have the car under observation for a sufficient length of time to form a basis for an opinion as to its speed. It is true that the witness indicated he had seen the car on the road prior to the time it started off for only "a half a block or such a matter" and that he had not observed it "too much" since he had to watch his own driving. However, in the Nebraska cases, cited by plaintiffs, the witnesses had either not seen the vehicle at all prior to the accident or at most gave it merely a glance. We consider Mr. Bricken's testimony competent to be admitted for such weight as the jury might determine—the extent of his observation going to the weight of his testimony. McClure v. Latta, Wyo., 348 P.2d 1057.

Patrolman Woodward, called as plaintiffs' witness, told of arriving at the scene of the accident, of his findings, including about 50 feet of track marks and some 210 feet of the car's slide or skid marks off the right side of the road and then 50 feet across the road. The patrolman said that when the vehicle slid off the left-hand side of the highway, the ground was soft, the wheels dug in, and it flipped over on its back, coming to rest approximately 30 feet from where it left the oil mat. On cross-examination, the witness was asked, "And had there not been any effort on her [Mrs. MacDonald's] part, what do you think would have happened?" When an objection was interposed because the question called "for an opinion with no proper foundation," the court ruled, " * * * he may answer. He is an intelligent witness. He knows what he is talking about." And the witness then answered, "If there was no effort to turn this car back at all * * * it would have definitely drove right straight into this ravine." The patrolman was also asked to give his opinion as to what would have occurred had the car been going 80 miles per hour as it left the highway, whereupon plaintiffs' counsel objected on the grounds that there was no proper foundation, the answer would be speculative, and the witness would assume the function of the jury in determining what would have happened. The court overruled the objection, saying, "In one sense it may be speculative, and in another sense, a patrolman who has more or less experience in matters of this kind might be able to determine from all of the indications and from the testimony already in Court, which he has heard, might be able to throw some light on the situation. I think he may answer with such explanation as he may desire to offer." The patrolman stated that if the car had left the road at 80 miles per hour "I don't think that car would have ever got back to the road [but would have gone on into the borrow pit] * * * in a straight line."

■ The question of admissibility of such evidence is a difficult one. We have previously held that whether qualification of a witness with respect to knowledge or special experience is sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final and will not be disturbed except in extreme cases. Johnson v. Hanover Fire Ins. Co., 59 Wyo. 120, 137 P.2d 615. Even though a witness be accepted by the trial court as an expert, his giving opinion testimony must depend to a large extent upon the facts of the particular case. In the instant situation, the first

patrolman at the scene of the accident, Galen Cox, who had been a highway patrolman for five years, stated that from observing the tracks left by the MacDonald vehicle there was nothing to indicate that the car was under control. He stated that the first 50 feet of the marks were gradual from where they left the oil mat, that the next 210 feet of tire marks indicated the vehicle was skidding, and that Mrs. MacDonald could have kept the car up on the shoulder for the 260 feet it traveled off the right side of the road or it could have just been the path the vehicle traveled. Following is the concluding testimony of that patrolman:

"Q Well now if there was no control of this car and there were no skid marks for the first 50 feet, then you don't think that she was controlling the car to start this skidding to get back on the highway, at all.

"A That is quite an embankment there. I don't think that any vehicle could have stayed on it without sliding.

"Q And do you think that it could have crawled back up this four inch oil mat without some direction?

"A Depending on the speed of the vehicle."

Patrolman Woodward stated he had been a patrolman for seven years. The only further attempt at establishing any particular knowledge on his part came when he was asked to give an explanation of his opinion that had the MacDonald car left the road at 80 miles per hour it would have gone into the borrow pit in a straight line, the witness stating, "Well, I don't know how to tell you that without—an object traveling at a high rate of speed, it happens in all of the accidents I have had, it does not vary much from that direct line." Whereupon examining counsel asked, "That has been your experience in investigating accidents at high rates of speed?" The witness answered, "That is true."

Here then in the present case were two "expert" witnesses, one stating that if Mrs. MacDonald had not made an effort to turn the car back it would have driven into a ravine and the other stating that depending on the speed of the vehicle it could have followed the pattern it took without control. There was no objection to Patrolman Cox's testimony; but it would seem clear that neither officer was shown to be qualified to give these opinions; and we hold that the trial court abused its discretion in allowing the testimony of Patrolman Woodward to come in over the stated objections. Such testimony could well have been prejudicial to the plaintiffs, especially in view of the judge's comments, which tended to impinge upon the jury's right to determine the credibility of witnesses and the weight of their testimony.

■ Error was also charged in the admission by the court of Patrolman Woodward's testimony concerning the reaction time for turning the steering wheel to get back on the road, using charts, which he referred to on direct examination, concerning distances a vehicle will travel in a specified time at specified speeds. To this the plaintiffs objected on the ground that the answer would be speculative and that no proper foundation had been laid —the charts relating only to braking and the witness having testified there were no brake marks—the court ruling, "If you can use it for any purpose you can use it for all purposes." There was nothing in the record to show the charts provided any true basis for the evidence elicited, and allowance of the testimony was improper. It is doubtful whether such error would here warrant reversal, but in view of the other noted errors occurring in the trial, the judgments must be reversed and the causes remanded for new trial.

Reversed and remanded.