**Jack F. GREGG, Appellant (Defendant-Petitioner below),**

v.

**Lorraine B. GREGG, Appellee (Plaintiff-Respondent below).**

No. 3778.

Supreme Court of Wyoming.

May 20, 1970.

Frank J. Jones, Wheatland, for appellant.

Donald E. Jones, Torrington, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from an order growing out of an attempt to modify a divorce de-

cree as to child custody, the divorce case beginning in 1967 when Lorraine B. Gregg as plaintiff brought a divorce proceeding against her husband, Jack F. Gregg, in which after his answer and a property settlement agreement, including provision that she have custody of two minor children and that certain payments be made, the court awarded divorce, confirming the agreement. The designations of the parties herein will follow those of the original action. Some nine months after the decree, plaintiff brought a motion asking the court to find her former husband guilty of contempt for failure to comply with the court's decree and pay the support for the children. On hearing the court found him not to be in contempt but to owe $140, which he was ordered to pay along with $50 as her attorney fee. Meantime defendant petitioned for an order to show cause why the decree should not be modified because of a change in conditions in that plaintiff was maintaining a home for her children in an adulterous and illicit household and that the environment in which the minor children were being maintained was detrimental to their health, welfare, and well-being. Plaintiff cross-petitioned, seeking dismissal as well as contempt proceedings against him for noncompliance with payment requirements. After hearing, the court found for the plaintiff and against the defendant and held him to be in contempt of court for failure to pay various amounts, including the support payments and attorney fees previously assessed, indebtedness on a certain automobile, and $1,000 payment provided in the property settlement, a total of $3,310. From the order dismissing the petition to modify the divorce decree, the defendant has appealed, charging a single error, namely that the trial judge committed prejudicial error by arbitrarily refusing to permit an eleven-year-old child, the daughter of the parties, to testify.

The hearing was rather brief with only plaintiff, defendant, and his parents testifying. So far as is relevant, the substance of the testimony was as follows:

Plaintiff, called as an adverse witness by defendant, stated that she had been married to Robert Smith since the previous Tuesday, four days before that, and although she had not been married to him had been living with him in her three-bedroom trailer-house some seven months, together with her son, aged eighteen, and the two daughters of the parties, aged eleven and nine. She described her work, certain of the care of the two girls, and stated that her eighteen-year-old son had baby-sat with the two daughters on some evenings when she had been out socially.

The defendant testified as to his occupation, income, organizations, home, and relations with his parents. He described the arrangements which could be made for the children if they were awarded to him and said they had expressed repeated desires to live with him. During the questioning his counsel sought to introduce a letter to him from the elder daughter, but on objection, the court disallowed the offer.

Defendant's mother and father both testified, indicating that if the court saw fit to grant the custody of the children to the defendant they would be pleased and willing to have the children in their home and to cooperate.

Following the excusing of defendant's mother from the stand, the colloquy which is the basis of the appeal occurred:

"* * * [Defendant's counsel:] I believe at this time I would like to call the oldest daughter.

"THE COURT: No.

"* * * [Defendant's counsel:] Could we go in Chambers?

"THE COURT: I don't believe so. You want to show what her preference is, is that correct?

"* * * [Defendant's counsel:] No, I would like the testimony to corroborate what this mother testified to. She didn't have proper clothes. At the time she was left at home and she wasn't happy with the baby sitter. And I would like to get a letter introduced which I feel is very

material to the issues and I have no way of doing that without—

"THE COURT: I am not going to have an eleven year old testify in this type of case. You state what she would testify to I will assume that she will testify to that.

"* * * [Defendant's counsel:] Is there any way I could reintroduce the letter?

"THE COURT: No. I don't know. That is for you.

"* * * [Defendant's counsel:] Without offering the letter there is no way possible. May I elaborate on the testimony of the young girl, what she has told me?

"THE COURT: No."

■ Numerous cases are cited by defendant to the effect that under § 1–138, W.S. 1957, and similar statutes a child over the age of ten years is prima facie competent to testify and that it is the burden of the opposing party to show incompetence if it exists; but it is unnecessary to discuss these since here the court raised no question of the witness's competency and merely indicated that a child of eleven years would not be permitted to testify in that type of case. Although we are most sympathetic with the trial court's apparent position of protecting the child, it cannot be sustained, and the statement of Gonyea v. Gonyea, 232 Or. 367, 375 P.2d 808, 811, is significant:

"* * * The tragic nature of divorce is vividly portrayed when young children are drawn into the proceedings as witnesses to take sides against one or the other of their parents, both of whom they should dearly love. Our disapproval of that practice was registered in Kreutzer v. Kreutzer, 226 Or. 158, 359 P.2d 536 (1961) in the following language:

"' '* * * we share the view of the circuit judge that in a case of this kind, young children of the parties should not be forced to become witnesses * * *. This practice has been frowned upon by other courts. Thus it was said in Buck v. Buck, 320 Mich. 624, 31 N.W.2d 829, 831, 2 A.L.R.2d 1325:

"' ' "The practice of calling children of the parties as witnesses in a divorce action has been repeatedly disapproved by this Court. Counsel, if possible, should refrain from doing so. It is bad from a social view point though not legally forbidden." * * *'

"See also, Gallagher v. Gallagher, 187 Or. 625, 212 P.2d 746 (1949). But, as was pointed out in the Kreutzer case, we are not at liberty to change the rules set forth by the legislature prescribing who may be a witness. According to ORS 44.020 and 44.030, Douglas, who had become ten years of age when the defendant wished to call him to the witness stand, was a competent witness. The trial court's refusal to hear his testimony was error."

It was the holding of the Oregon court, however, that the error did not require reversal since no dispute in the facts existed and the testimony of the boy would have been merely corroborative.

■ In the instant case, we too hold there was no prejudicial error. While lack of a proper offer of proof here was not fatal since the nature of the expected testimony clearly appears,[1] it is obvious that, within the ambit of defendant's petition to modify, what was to be proved was no more than corroborative of the plaintiff's unchallenged admissions when she was called as an adverse witness and could not have affected the court's decision. There is some discussion of the court's improperly rejecting the letter from the child to the father, but a reading of the proffered exhibit, which is contained in the record, discloses nothing that could reasonably have affected the dismissal of the petition. Accordingly, the appeal must fail, and the order of the court is affirmed.

Affirmed.

1. Taylor v. MacDonald, Wyo., 409 P.2d 762, 763.