**Mike PADILLA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5079.**

Supreme Court of Wyoming.

Oct. 19, 1979.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, and Sky Phifer, Student Intern, Wyoming Defender Aid Program, Laramie, appeared on brief, and Phifer appeared in oral argument, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Gay V. Bartels, Asst. Atty. Gen., appeared on brief, and Bartels appeared in oral argument, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-defendant appeals from the judgment and sentence of the trial court rendered on a jury verdict of guilty of first degree sexual assault, accomplished by forcing a female, age 15 (herein referred to as "victim"), to commit the act of fellatio with him, in violation of § 6–4–302(a)(i), W.S. 1977.[1] The information charged appellant

---

1. Section 6–4–302(a)(i), W.S.1977, provides:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits a sexual assault in the first degree if:

"(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement; * * * "

"Sexual penetration" is defined in § 6–4–301(a)(ix), W.S.1977, as follows:

"(ix) 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse without or without emission."

and Paul Rodriguez with this crime in one count (Count II), and it charged them in another count (Count I) with a similar violation accomplished by forcing her to have sexual intercourse. Appellant was found not guilty of the charge in the count relating to sexual intercourse (Count I). Rodriguez pleaded guilty to a reduced charge and testified against appellant.

Appellant presents two contentions of error:

1. The verdict of acquittal as to Count I (forcible intercourse) is a finding of "no force" which finding negates an essential element of the conviction under Count II (forcible fellatio), because the proof as to force was identical under both counts.

2. The trial court committed reversible error by not allowing impeachment of the prosecutrix under Rule 613(a) by her testimony given at the preliminary hearing.

We affirm.

## CONSISTENCY OF VERDICTS

At the trial, appellant did not contest the fact that the acts complained of did occur. The defense was based on the contention that the acts were voluntary on the part of victim and not accomplished through force on the part of appellant. By its verdicts, the jury found the act of sexual intercourse to have been voluntary but the act of fellatio to have been accomplished through force.

■ At the outset, we note that there was evidence to sustain the finding of the use of force in the fellatio. Rodriguez testified that appellant "grabbed hold of her wrists and held her down"; and asked her to engage in the act of fellatio; that when she said she would not "he slapped her and she started crying and Mike [appellant] said if she wouldn't shut up he would slap her again. She said she would as long as he wouldn't slap her again"; and that while the fellatio was occurring, she was kicking. He testified further:

"Q. Was she attempting to get away from him?

"A. Yes.

"Q. She tried to get away from him during that period of time?

"A. Yes.

"Q. But he held her down; is that correct?

"A. Yes.

"Q. And forced her to; is that correct?

"A. Yes."

This evidence is sufficient to support the jury finding of use of force in the act of fellatio, inasmuch as the standard by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and give the evidence of the prosecution every favorable inference which may reasonably and fairly be drawn therefrom. *Harvey v. State*, Wyo., 596 P.2d 1386 (1979); *Tucker v. State*, Wyo., 594 P.2d 470 (1979).

■ We also note that there was sufficient evidence to sustain the finding of consent by victim to sexual intercourse by Rodriguez and appellant. They went to her home. She met them at the door in her nightgown. She went with them voluntarily into the bedroom, and accompanied each of them separately into the bathroom. She offered to expose herself to Rodriguez if he would expose himself to her. She asked each of them to have sexual intercourse with her. She took her own clothes off. She had previously talked to a third party about having sexual intercourse with appellant.

However, the principal question here presented to us is not whether the evidence is sufficient, but whether the finding of force in the act of fellatio was inconsistent with the finding of no force in the act of sexual intercourse.

The time came when Rodriguez was having sexual intercourse with victim on the bed. While this was happening, appellant began the act of fellatio with her in accordance with the previously set forth testimo-

ny of Rodriguez. Rodriguez further testified that appellant was still engaging in the act of fellatio with her when Rodriguez "got off from her" and that appellant thereafter had sexual intercourse with her. Victim's testimony confirmed this sequence of acts, but she contended that force was used in connection with Rodriguez's sexual intercourse with her and that it was used by appellant in connection with both his sexual intercourse and the fellatio with her.

■ Appellant argues that if force was used by appellant in the fellatio (as found by the jury), it carried forward and was present when he had sexual intercourse with her (contrary to the finding of the jury); and thus the verdicts were inconsistent. This argument is premised on the assumption that the sexual intercourse and fellatio were part of the same act or crime. Since this is not true, the argument is fallacious. Sexual intercourse and fellatio are two separate and distinct occurrences, and they are two separate and distinct crimes. Force is the antithesis of consent in this matter, and there is nothing inconsistent in one's consent to engage in sexual intercourse and in his or her refusal to engage in fellatio.

Prior to 1977, the crime of rape and the crime of sodomy were proscribed in separate statutes. Rape was defined:

"(A) Whoever unlawfully has carnal knowledge of a woman or female child forcibly and against her will is guilty of first-degree rape, and shall be imprisoned in the penitentiary for any term not less than one (1) year, or during life.

"(B) Whoever unlawfully has carnal knowledge of a female child under the age of fifteen (15) years with her consent shall be guilty of second-degree rape and

shall be imprisoned in the penitentiary for not less than one (1) year and not more than fifty years.

"(C) Whoever unlawfully has carnal knowledge of a female child fifteen (15) years of age or over and under the age of eighteen (18) years with her consent shall be guilty of third-degree rape and shall be confined in the county jail for not more than one (1) year." [2]

Sodomy was defined:

"Whoever commits the abominable and detestable crime against nature, by having carnal knowledge of a man or beast; or who being a male carnally knows any man or woman through the anus, or in any other manner contrary to nature; and whoever entices, allures, instigates or aids any minor to commit masturbation or self-pollution, is guilty of sodomy, and shall be imprisoned in the penitentiary for not more than ten years." [3]

This sodomy statute was judicially determined by the court of the state from which it originated to include fellatio and cunnilingus. *Glover v. State*, 179 Ind. 459, 101 N.E. 629 (1913); *Young v. State*, 194 Ind. 221, 141 N.E. 309 (1923).

■ In 1977, the Wyoming legislature saw fit to repeal these two statutes and to enact in lieu thereof §§ 6–4–301 through 6–4–314, W.S.1977.[4] In so doing, the legislature designated the former crimes of rape and sodomy as "sexual assault." It did away with sodomy as a crime per se and made it a crime only if accompanied by force or threats or under circumstances in which the victim's ability to consent was impaired.[5] It also set forth the definitions of the crimes of rape and sodomy in a single statute. Legislative intent may be deter-

---

2. Section 6–63, W.S.1957 as amended.

3. Section 6–98, W.S.1957 as amended.

4. Part of this enactment is the section here under consideration, i. e., § 6–4–302(a)(i). See footnote 1.

5. Examples of such impaired consent are when the victim erroneously believes the actor to be spouse of the victim; when the actor administers, or has knowledge of another administer-

ing, substance to the victim which substantially impairs victim's power to appraise or control his or her conduct; when the victim is less than 16 years of age and the actor is at least 4 years older than the victim; and when the actor knows or should know that through a mental illness, mental deficiency or developmental disability victim is incapable of appraising the nature of her conduct.

mined through legislative history of a statute. *Burnham Hotel Co. v. City of Cheyenne*, 30 Wyo. 458, 222 P. 1 (1924); *Miller v. Board of County Commissioners of County of Natrona*, 79 Wyo. 502, 337 P.2d 262 (1959).

Nonetheless it cannot be said that such enactment made sexual intercourse and fellatio a part of one and the same act or crime. The legislative history which at one time made fellatio a crime whether or not accomplished by consent; the distinction through definition of the two terms; and the use of the disjunctive "or" and not the conjunctive "and" between "sexual intercourse" and "fellatio" by the legislature in defining "sexual penetration," [6] reflect the intention to distinguish between the crime of sexual assault by forcible sexual intercourse and the crime of sexual assault by forcible fellatio. When expressed in the disjunctive, two words, clauses, or phrases are coordinate and either is applicable to any situation to which its terms relate—an alternative is indicated which requires separate treatment. *Basin Electric Power Cooperative v. State Board of Control*, Wyo., 578 P.2d 557 (1978); *Matter of Adoption of Voss*, Wyo., 550 P.2d 481 (1976).

The legislative intent to define sexual intercourse, cunnilingus, fellatio, analingus and anal intercourse as separate and distinct crimes is reflected by the language used in § 6–4–306(b), W.S.1977, which provides in part:

"(b) A person who is convicted of sexual assault shall be punished by the extended terms of subsection (c) of this section if:
"(i) He is being sentenced for two (2) or more *separate acts* of sexual assault in the first of second degree." (Emphasis supplied.)

*State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977), is in accord with the result we here reach under a similar statute.

By definition of the act of fellatio and that of sexual intercourse, the evidence necessary to prove one of these acts is obviously not the same evidence necessary to prove the other. See *People v. Sharpe*, Colo., 514 P.2d 1138 (1973); *State v. Ware*, 53 Ohio App.2d 210, 372 N.E.2d 1367 (1977).

The record as a whole supports the jury verdicts that victim consented to the acts of sexual intercourse with appellant and with Rodriguez, but that she did not consent to the act of fellatio with appellant, which act was accomplished by the use of force. There was no inconsistency in these verdicts.

## IMPEACHMENT RULING

The following occurred during recross examination of victim by appellant's attorney, Terry Tharp:

"Q. [Victim's first name], do you recall your appearance at the preliminary hearing, I asked you about it on my examination the last time, that was the hearing we had before in Lovell.

"A. Yes.

"Q. And you testified at that hearing that you hadn't known Mike?

"MR. GARRETT: I am going to object. I think she should be furnished with a copy of the transcript rather than counsel saying what she testified.

"THE COURT: He should use the transcript and refer to questions and answers.

"MR. THARP: I have a tape recording.

"THE COURT: Well, really the proper way to do that is to refer, as you know, to page and line number and say, on such and such a day you were asked this question and didn't you answer such and such.

"MR. THARP: I know, Your Honor, but the transcript of the preliminary hearing, one was never made. As a matter of fact, the copy of the preliminary hearing is, the Justice of the Peace recorded over some of it. I have portions of it, however.

"THE COURT: Well, based on that, the objection is sustained."

---

**6.** See footnote 1.

■ Appellant contends that Rule 613(a), W.R.E.[7] authorizes the approach use by appellant in this respect, and that the trial court erred in sustaining appellee's objection. Appellee-State contends that not only was the ruling of the trial court proper, but the error, if any, was not properly preserved for consideration on appeal pursuant to Rule 103(a)(2), W.R.E.[8]

We agree that the error, if one, was not properly preserved for consideration on appeal. The requirements of Rule 103(a)(2), W.R.E., were not met. *Meredith v. Hardy*, 5th Cir., 554 F.2d 764 (1977); *Yost v. A. O. Smith Corporation*, 8th Cir., 562 F.2d 592 (1977).

Not only did appellant fail to make an offer of the substance of the evidence proposed to be presented if the objection were not sustained, but he advised the court that the transcript reflecting the same did not exist in a suitable or admissible form.

■ After the court sustained the objection, appellant made no further reference to the issue—in the form of an offer of proof or otherwise. In addition to insuring "that the record will be sufficiently detailed to permit appraisal by an appellate court of the scope and effect of the ruling," 1 Weinstein's Evidence ¶ 103[03], p. 103–27, the offer of proof serves the function of calling the nature of the error "to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take proper corrective measures," Advisory Committee's Note to Rule 103 of Federal Rules of Evidence.[9] Appellant's failure to make an offer of proof prevented the attainment of these purposes.

Appellant argues that the question itself was sufficient foundation as to time and place of the alleged inconsistent statement. He argues that he could have impeached the witness if she denied making the statement by allowing the prosecution to hear the tape of the testimony at the preliminary hearing or by calling as a witness someone present at the hearing. But, as of the time of the objection and ruling thereon, this presupposes the fact that such inconsistent statement was made at the hearing. These arguments are the precise items which should have been presented as an offer of proof so that this court would know whether or not from the record there was a potential for establishment of inconsistent statements, so that the trial court could appraise its ruling in context with the proposed proof, and so that opposing counsel could make the request authorized by Rule 103(a)(2).[10] In this latter respect, appellant advised the court that a transcript of the preliminary hearing was not made. He inferred that it was recorded on tape but that only portions remained and that some of the tape was recorded over. He apparently had nothing certified or verified as to accuracy. Possibly, he had enough to satisfy the opposing counsel on the precise issue; but, here again, an offer of proof as to exactly what he had was necessary to preclude speculation by us or by the trial court.

Rule 103(a)(2) does make unnecessary an offer of proof if the substance of the evidence was apparent from the context within which questions were asked. Such exception was recognized before the adoption of the rules. *Taylor v. MacDonald*, Wyo., 409 P.2d 762 (1966) (exclusion of conversation had with defendant concerning matters otherwise presented to the jury where "nature of the expected testimony clearly ap-

---

7. Rule 613(a), W.R.E., reads:
   "(a) * * * In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel."

8. Rule 103(a)(2), W.R.E., reads:
   "(a) * * * Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
   * * * * * *
   "(2) * * * In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

9. *Source of Rule 103, W.R.E., and identical to Rule 103, W.R.E.*

10. See footnote 8.

pears"); *State v. Ditzel*, 77 Wyo. 233, 311 P.2d 961, reh. den. 77 Wyo. 233, 314 P.2d 832 (1957) (exclusion of defendant's testimony in embezzlement trial as to whether diversion of funds was done with approval of representative of victim where nature of testimony *otherwise* clearly appears); *Gregg v. Gregg*, Wyo., 469 P.2d 406 (1970) (exclusion of testimony of 11-year old when counsel advised testimony to corroborate mother's testimony and the nature of testimony clearly appears). In each case the nature of the testimony appeared otherwise than in the question itself. In this case the only indication of the expected testimony is in the question "[a]nd you testified at that hearing that you hadn't known Mike?" This does not meet the exception of Rule 103(a)(2)[11] which requires the substance of the evidence to be apparent "from the *context within which* questions were asked." To allow the question itself, coupled with advice to the court that a transcript con-

taining the impeachment statement did not exist and that the tape containing such was recorded over to a great extent, to set the stage for the exception would be to invite the damage which is one of the concerns of the rules of evidence and of fair trial generally and which is expressed in the Advisory Committee's Note to Rule 613(a), Federal Rules of Evidence:[12]

> "The provision for disclosure to counsel is designed to protect against unwarranted insinuations that a statement has been made when the fact is to the contrary."

Affirmed.

---

11.  See footnote 8.

12.  Source of Rule 613(a), W.R.E., and identical to Rule 613(a), W.R.E.