Argued and submitted October 14, 1983, reversed and remanded March 7, 1984

# NICHOLS,
*Appellant,*
*and*

# FLEISCHMAN,
*Respondent.*

(82-10-230; CA A26788)

677 P2d 731

Peter Miller, Portland, argued the cause for appellant. With him on the brief was Shepherd & Heynderickx, Portland.

Charles A. Moore, Gladstone, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Father appeals from an order denying his motion to modify a California decree of dissolution. He moved to change custody of the parties' eleven-year-old daughter from mother to him, to terminate his duty to pay support and order mother to pay support and to award mother specific visitation. The dispositive issue is whether the court erred in refusing to take the testimony of the child. We reverse and remand.

At the close of father's case in chief, he asked the trial judge to interview the parties' daughter. The judge declined to do so at that time, stating, "If I deem that it is advisable, I will do it later." At the close of the hearing, the judge decided not to hear the child: "* * * I'm going to assume that [she] would say the same thing that she told Dr. Loveland, that probably she would rather live with her father." He gave as the reason for his decision: "* * * Normally, I don't talk to the children until they get around 12 or 13. And then I pay little attention to what they say. If they get around 16 or 17, then I will pay attention, but I don't believe in putting the kids on the spot like that."

Relying on *Schafer v. Schafer,* 243 Or 242, 412 P2d 793 (1966), and *Kreutzer v. Kreutzer,* 226 Or 158, 359 P2d 536 (1961), father argues that it is reversible error not to permit the daughter to testify. The trial judge appears to have thought that the daughter would only testify that she preferred one parent over the other. From this record, however, we cannot tell whether the daughter's testimony would be so limited or to what father expected his daughter to testify. It is clear from the record that the competency of the child to testify was not an issue.

■ ■　In *Kreutzer v. Kreutzer, supra,* a proceeding to modify a decree of divorce with respect to child custody, the court held that it was reversible error to exclude the children from the witness stand "in view of the fact that there was conflict in the testimony on the issue of changed conditions and that the children were in a position to testify concerning some of these matters * * *."[1] 226 Or at 162. Mother argues that it was not error to exclude the child's testimony, because,

---

[1] An offer of proof is not necessary. *Kreutzer v. Kreutzer, supra,* 226 Or at 161; *State ex rel Fulton and Fulton,* 31 Or App 669, 673, 571 P2d 179 (1977).

"[t]here was no conflict in the testimony. Both parties agreed that the child wanted to live with Dad." Mother assumes, as the trial judge apparently did, that the daughter's testimony would be limited to expressing that preference. There were, however, conflicts in the evidence on the issue of changed conditions on which the child could have testified. In *Schafer v. Schafer, supra,* the trial court refused to permit the children of the parties to testify. Citing *Kreutzer v. Kreutzer, supra,* the court held that, because there was a conflict in the testimony of the parties, the refusal to permit the children to testify constituted reversible error.[2]

■     When *Kreutzer* and *Schafer* were decided, the relevant statutes concerning competency of witnesses were ORS 44.020 and ORS 44.030.[3] Those statutes have been repealed, Or Laws 1981, ch 892, § 98, and replaced by OEC 601 (Or Laws 1981, ch 892 § 43), which provides:

> "Except as provided in sections 43 to 50 (Rules 601 to 606) of this Act, any person who, having organs of sense can perceive, and perceiving can make known the perception to others, may be a witness."

---

[2] A different rule applies in juvenile proceedings. The right of the parent to examine the minor ward is in the discretion of the trial court. *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962).

[3] *Former* ORS 44.020 provided:

> "All persons, except as provided in ORS 44.030, who, having organs of sense can perceive, and perceiving can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action, suit or proceeding are excluded; nor those convicted of crime; nor persons on account of their opinions on matters of religious belief; although in every case, except the last, the credibility of the witness may be drawn in question, as provided in ORS 44.370."

*Former* ORS 44.030 provided:

> "The following persons are not competent witnesses:
>
> "(1) Those of unsound mind at the time of their production for examination.
>
> "(2) Children under 10 years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. Whenever a child under the age of 10 years is produced as a witness, the court shall, by an examination made by itself, publicly or separate and apart with counsel present, ascertain to its own satisfaction whether the child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify."

Because the rule, like its statutory predecessors, addresses only the competency of a witness, it does not make inapplicable the case law rule that, if a child is otherwise competent, it is error to refuse to permit a child to testify.

■ The central issue in this case is whether there has been a substantial change of circumstances. It is clear from this record that the evidence on that issue is in dispute. Whether the daughter's testimony would shed some light on that question cannot be determined. It is error to have excluded that testimony.

Reversed and remanded. Costs to appellant.