Argued and submitted September 19, reversed and remanded November 28, 1990

In the Matter of
Amber Jean Abbott, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF DESCHUTES COUNTY,
*Respondent,*

*v.*

Joel Terrance ABBOTT,
*Appellant.*
(87-JV-0068-DC; CA A63662)

801 P2d 898

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, Bend.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

RIGGS, J.

### RIGGS, J.

Father appeals from a judgment terminating his parental rights to his daughter. He assigns as error the trial court's ruling excluding him from being present during the taking of his daughter's testimony. We reverse and remand.

■ Children's Services Division petitioned for termination of father's parental rights after investigating allegations that he had sexually abused his daughter on several occasions. Father denied any abuse. At trial, acting under the authority of ORS 419.498(1), the trial court took the child's testimony in chambers, outside the presence of any other adults except the attorneys.

Father argues that ORS 419.498(1)[1] authorizes exclusion of parents only in certain dependency actions and does not authorize exclusion in parental termination cases. We agree. ORS 419.498(1) authorizes a trial court to exclude a child's parents only in dependency cases filed under ORS 419.476(1)(b) through (e). Parental rights termination cases are governed by ORS 419.523 and ORS 419.525, neither of which authorizes taking the child's testimony outside the presence of the parent. Without a statutory authorization, the court could not deprive father of his right to be present during the taking of testimony. *See Leson and Leson,* 293 Or 368, 370, 648 P2d 55 (1982).

■ The state invites this court, on *de novo* review, to determine that, even without the child's testimony, clear and convincing evidence exists to terminate father's parental rights. We decline to do that, because we cannot determine what effect the daughter's testimony may have had on evidence presented later in the trial.

Reversed and remanded.

---

[1] ORS 419.498(1) provides:

"During the hearing of a case filed pursuant to ORS 419.476(1)(b) to (e), the court, on its own motion or upon the motion of a party, may take testimony from or confer with any child appearing as a witness and may exclude from the conference the child's parents and other persons if the court finds such action would be likely to be in the best interests of the child."