Argued and submitted November 16, 1990, affirmed January 9, reconsideration denied February 27, petition for review denied April 30, 1991 (311 Or 349)

In the Matter of
Michael Francis Silence, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF BENTON COUNTY,
Children's Services Division
and Michael Francis Silence,
*Respondents,*

*v.*

## Roberta SILENCE,
*Appellant.*

(CA A65679)

803 P2d 1223

Jad Lemhouse, Corvallis, argued the cause and filed the brief for appellant.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this appeal from an order terminating parental rights, mother challenges the trial court's failure to appoint independent counsel to represent her five-year-old son at the termination hearing.[1]

Mother asserts that the juvenile court had jurisdiction under ORS 419.476(1)(e) and, therefore, should have appointed counsel for the child pursuant to ORS 419.498(2)(a). The relevant statutes provide, in part:

"(1)   The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(e)   Either the person's parents or any other person having custody of the person have * * * failed to provide the person with the care, guidance and protection necessary for the physical, mental or emotional well-being of the person[.]" ORS 419.476(1)(e).

"* * * Whenever requested to do so, the court shall appoint counsel to represent the child in every case filed pursuant to ORS 419.476(1)(b) to (g)." ORS 419.498(2)(a).

Mother's basic misunderstanding is that the quoted portion of the latter statute, ORS 419.498(2)(a), applies to termination of parental rights proceedings. It does not. Rather, it applies strictly to dependency proceedings. A typical juvenile dependency proceeding begins with the filing of a petition alleging facts pertaining to the child or its living situation. Thereafter, the proceeding has two distinct phases. The first phase is known as the "jurisdictional hearing." If the court finds that the burden of proof has not been satisfied, the case is dismissed. If the court finds that the allegations in the petition have been established, it enters an order that the child is within the court's jurisdiction, ORS 419.476(1); ORS 419.500, and proceeds to the second phase, which is known as the "dispositional hearing." In that phase, the court creates a

---

[1] Mother's second and third assignments of error are without merit. The testimony of the two psychologists at the termination hearing was properly admitted. *See* ORS 40.230(1)(a), (4)(a); ORS 419.521(1)(e),(f); *State ex rel Juv. Dept. v. Maginnis,* 28 Or App 935, 561 P2d 1044 (1977).

plan that may include alternatives such as wardship, placement and custody. ORS 419.507. If requested to, the juvenile court *must* appoint counsel to represent a child during the entire dependency proceeding, including the jurisdictional and the dispositional phases. That is when ORS 419.498(2)(a) applies.

Mother does not contest the juvenile court's determination that it had "jurisdiction" under ORS 419.476(1)(e). Neither does she allege that proper representation was not provided at that dependency proceeding. Rather, she challenges the denial of appointed counsel for the child at the *termination of parental rights* hearing that took place at a later date and pursuant to different statutes. The termination proceeding is a new proceeding. It requires a separate hearing with service of summons and the application of unique standards and burdens of proof. ORS 419.523; ORS 419.525. Mother erroneously relies on statutory language that is relevant to dependency proceedings but inapplicable to termination proceedings. *See State ex rel Juv. Dept. v. Abbott,* 104 Or App 466, 801 P2d 898 (1990).

A juvenile court must appoint counsel to represent an indigent *parent* in a termination proceeding. ORS 419.525(2); *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 796 P2d 1193 (1990). However, there is no parallel provision for the child. The court *may* appoint counsel or some other "suitable person" to appear on the child's behalf. ORS 419.494; ORS 419.498(2)(a).[2] Independent counsel for the child may be necessary to advocate the child's position or to develop a sufficiently detailed and comprehensive record on which the court may base its decision. *F. v. C.,* 24 Or App 601, 609, 547 P2d 175, *cert den* 429 US 907 (1976). *See also State ex rel Segrest v. Bradshaw,* 275 Or 431, 435, 551 P2d 456 (1976); *State ex rel Juv. Dept. v. Navarette,* 29 Or App 121, 124-25, 563 P2d 1221

[2] ORS 419.494 provides:

"In any proceeding the court may appoint some suitable person to appear in behalf of the child."

ORS 419.498(2)(a) provides, in part:

"If the child, the parent or guardian requests counsel but is without sufficient financial means to employ suitable counsel possessing skills and experience commensurate with the nature of the petition and the complexity of the case, the court may appoint suitable counsel to represent the child."

(1977). In determining the need for appointed counsel for the child, a trial judge may, of course, consider other factors, including the nature of the allegations, the amount and type of evidence that is contested, the complexity of the case and the experience of counsel.

Here, the trial judge spent considerable time questioning the parties on the matter. He made specific findings, correctly applied the relevant law and concluded that independent counsel was not necessary. There was no abuse of discretion.

Affirmed.