Argued and submitted October 12, 1990, reversed and remanded April 10, reconsideration denied August 14, petition for review allowed October 29, 1991 (312 Or 234)

In the Matter of
Terance Robert Beasley, a Child.

## STATE EX REL JUVENILE DEPARTMENT OF TILLAMOOK COUNTY,
*Respondent,*

*v.*

Raymon BEASLEY,
*Appellant.*

(J-1650; CA A64963)

809 P2d 117

Theresa M. Welch, Wilsonville, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

## WARREN, P. J.

Father appeals a judgment terminating his parental rights. He contends that the trial court erred by refusing to allow him to call the child as a witness on his behalf. We reverse.

Before trial, father moved the court to order CSD to allow his attorney to interview the child. The court denied the motion. Father served a subpoena on Children Services Division, directing it to produce the child at trial to testify. He also filed a motion to examine the child pursuant to the subpoena. He asserted, *inter alia,* that the child's testimony was relevant to rebut evidence that he had caused the child's unusual sexual behavior.[1] Father agreed that the child's testimony could be taken in the judge's chambers without his presence. The state responded that the child should not be called as a witness, because it would not be in the child's best interests. It presented a letter by a psychologist and a psychology intern that stated that the risks to the child from testifying were substantial and that his answers would not likely be accurate, because of his impressionability and desire to please. The trial court weighed the probative value of the proffered evidence against the risk of harm to the child. It concluded that the evidence had some relevance but that it would be contrary to the child's best interests to compel his appearance.

Father argues that the trial court had no authority to weigh the probative value of the evidence against the possible harm to the child. That issue has already been decided in the context of a custody dispute. In *Kreutzer v. Kreutzer,* 226 Or 158, 359 P2d 536 (1961), both parents sought to have the court talk to the minor children outside their presence regarding custody. The court refused, stating it did not think the children "should be put to that test." The Supreme Court analyzed whether the children were competent and after concluding that they were, stated:

> "Consequently, the right of the defendant to call the children to the stand and to elicit testimony from them material

---

[1] Specifically, the motion stated that the child's testimony would rebut evidence that (1) he does not want to see father; (2) he wants to remain with his maternal grandmother; (3) father is responsible for the child's unusual sexual behavior; and (4) the child's mother has not been seeing him. Father also wanted to give the court an opportunity to observe "and thus obtain a clearer understanding of the child."

to the issues was precisely the same as it would have been in the case of any other competent witness. This is, of course, a fundamental right.

"* * * * *

"We have examined the record for the purpose of determining if it is possible to hold that the exclusion of the children from the witness stand was not reversible error, but, in view of the fact that there was conflict in the testimony on the issue of changed conditions and that the children were in a position to testify concerning some of these matters, we have no alterntive other than to reverse the decree and remand the cause for further proceedings." 226 Or at 161.

*See also Nichols and Fleischman,* 67 Or App 256, 677 P2d 731 (1984).

In *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962), the Supreme Court considered whether a parent in a dependency proceeding has the right to examine the child in open court. The child had been made a ward of the court, and the father was seeking to have her returned to him. The trial court questioned her outside the father's presence with counsel present, but it did not allow her to be called to the stand. The Supreme Court held that the trial court had the discretion not to permit the child to testify. It said:

"The compelling intent of the juvenile code proceeding is to protect the child in any situation in which the court thinks the child may require it." 230 Or at 456.

Although this case falls under the juvenile code, it is more like *Kreutzer,* because *Chandler* decided a different issue. In *Chandler,* the issue was father's right to call the child in open court after the trial court had already examined her in chambers. Here, as in *Kreutzer,* the issue is whether the court can refuse to permit any examination of the child.

■ *Chandler* is also inapposite because it involved dependency rather than termination of parental rights. A termination hearing differs from a dependency hearing, not only because the consequences are much more drastic, but also because the natures of the hearings are fundamentally different. At a dependency hearing, the focus is on the interests of the child. *See* ORS 419.476; ORS 419.507. At a termination hearing, the focus is on the fitness of the parents. *See* ORS 419.523. The best interests of the child do not come into play

until the state has proved the statutory criteria for termination by clear and convincing evidence. ORS 419.523; ORS 419.525(3); *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 189, 796 P2d 1193 (1990).

 The reasoning in *Kreutzer* applies with equal force to this case. When a parent's own conduct is on trial and that parent faces one of the most drastic actions a state can impose, the permanent loss of a child, the parent must have the opportunity to rebut the state's case to the extent that the evidentiary rules and statutes allow. *See* OEC 402.[2] No statute authorizes the court in a termination case to refuse to examine a child because it is not in the child's best interests. *Compare State ex rel Juv. Dept. v. Abbott,* 104 Or App 466, 801 P2d 898 (1990). Assuming that the child was competent, the court was required to allow him to be examined in chambers.

 The state argues that we should consider the evidence as described in father's motion as having been established and, on *de novo* review, affirm despite the error. Father did not have the opportunity to interview the child before trial, so his description of what the child would testify is necessarily general and speculative. We cannot say what effect the child's testimony might have had on the process of weighing the other evidence. *See State ex rel Juv. Dept. v. Abbott, supra,* 104 Or App at 468.

We find nothing in father's remaining assignments that requires discussion.

Reversed and remanded.

**EDMONDS, J.,** dissenting.

The majority holds that the trial court was required to allow the child to be examined and erred in denying father's motion to call his child as a witness. Were we writing on a clean slate, I would agree. However, the majority ignores controlling precedent to the contrary by misconstruing the holding in *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962).

---

[2] OEC 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible."

The Tillamook County Juvenile Department filed a petition to terminate father's parental rights under ORS 419.523(3). At the time, the child was six years old and under the supervision of Children's Services Division. Before trial, father filed a motion asking the court to order CSD to grant his attorney an interview with the child. The motion stated that "such an interview is necessary and vital to [father's] case." The state filed a response and an affidavit of a CSD service worker opposing the interview, claiming that the information sought was irrelevant and that an interview would not be in the child's best interests. The court denied father's motion.

Next, father served a subpoena on CSD, directing it to produce the child to testify at trial. He also filed a motion to call the child as a witness that stated that the testimony would rebut much of the state's evidence. The motion was supported by an affidavit of father's lawyer, who stated that the testimony was "vital and crucial to the father's case." In response, the state filed an affidavit of a CSD caseworker, who said that "requiring [the child] to testify would be harmful to him and detrimental to his best interests." A letter written by a psychologist and a psychology intern was attached to the affidavit; it said that there would be "substantial" risks to the child if he was compelled to testify.[1]

The trial court quashed the subpoena, concluding

---

[1] The letter was written at the request of CSD for the purpose of making a recommendation regarding the child's proposed testimony at father's termination hearing. The authors made their recommendation on the basis of a recent psychological examination by the child's therapist, the child's emotional and behavioral history and developmental considerations. In part, the letter said:

"[The child] is a young boy who has a history of demonstrating exceptionally strong anxiety responses, including but not limited to, self-destructive behaviors, bed-wetting, and hoarding of dangerous items. While he is showing improvements in these areas, it is very likely that he will regress to these earlier behaviors under stressful circumstances. It is felt that in addition to the general stressful nature of courtroom testimony, which would be experienced by any child, it would be particularly anxiety provoking for [the child] due to the following: it will again raise issues regarding the instability of his caretaking situation; he will need to be in contact with his father whom he has not seen since visitation was terminated; and he will be placed in a situation of perceiving himself as hurting or antagonizing his father.

"* * * * *

"Due to these considerations, it is advised that [the child] not be required to testify. * * *"

that, although the child's testimony had some relevance to the allegations of the petition, most of it was repetitious and irrelevant. The order says:

> "Having reviewed the allegations of the petition and heard the arguments of counsel and based on the record herein, * * * and considering [father's] proposed questions to be asked of the child and the age of the child, both now and at the time he lived with his father; and after weighing the relevancy and importance of the testimony sought to be elicited by defense counsel against the risk of harm to the child,
>
> "The court hereby finds and concludes that it is contrary to the child's best interest to compel his production and testimony."

In *Chandler v. State, supra,* the father challenged an order that his child be made a ward of the court. During the hearing, he sought to call the child as a witness. After the trial judge had privately questioned the child in the presence of the parties' attorneys, he denied the father's request. The court affirmed the trial court:

> "It is said that *Kreutzer v. Kreutzer,* [226 Or 158, 359 P2d 536 (1961)], is conclusive on the right to examine the child. The *Kreutzer* case was a contest between divorced parents for the custody of their children. We held that if the children were competent either party could require them to testify and that the trial judge had no discretion to refuse the right. We think that the concept and intent of the juvenile code would be violated if such a rule were to be applied to the proceedings contemplated by the code. *The compelling intent of [a] juvenile code proceeding is to protect the child in any situation in which the court thinks the child may require it. Discretion must be vested in the trial court to make the initial determination if it would be proper to question a child in any given case.* We cannot say the discretion was abused in this case." 230 Or at 456. (Emphasis supplied.)

The majority here says:

> "Although this case falls under the juvenile code, it is more like *Kreutzer,* because *Chandler* decided a different issue. In *Chandler,* the issue was father's right to call the child in open court after the trial court already had examined her in chambers. Here, as in *Kreutzer,* the issue is whether the court can refuse to permit any examination of the child." 106 Or App at 518.

What is sought here and what was sought in *Chandler* are identical in substance. Father desires to call his child as a witness in order to procure what he hopes to be favorable testimony. The differences in procedure matter not. Both cases are under the Juvenile Code where the protection of the child's interests is at the heart of the proceeding. By saying "the reasoning in *Kreutzer* applies with equal force to this case," 106 Or App at 519, the majority ignores the very reason that the Supreme Court distinguished *Chandler* from *Kreutzer.*

The majority also attaches significance to the fact that *Chandler* involved a dependency hearing and that this case is a termination of parental rights proceeding. It relies on ORS 419.523, ORS 419.525(3) and *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 769 P2d 1193 (1990), for the proposition that "the child's best interests do not come into play until the state has proved the statutory criteria for termination * * *." 106 Or App 518-19. That reliance is misplaced. *Geist* did not hold that. Moreover, ORS 419.523(1) provides, in part:

> "The parental rights of the parents of a child within the jurisdiction of the juvenile court as provided in ORS 419.476(1) may be terminated as provided in this section and ORS 419.525, *if it is in the best interest of the child.*" (Emphasis supplied.)

ORS 419.525(3) provides:

> "A hearing shall be held by the court on the question of terminating the right of the parent or parents. * * * The facts on the basis of which the right of the parents are terminated, unless admitted, must be by clear and convincing evidence * * *."

Under those provisions, there is no requirement that the statutory criteria for termination be proven *before* the court considers the best interests of the child. The issue of whether termination is in the best interests of the child will always be the dominating inquiry in a termination proceeding. *See also* ORS 419.474(2).[2] The trial court did not err by considering the

---

[2] ORS 419.474(2) provides:

"The provisions of ORS 419.472 to 419.597, 419.800 to 419.839 shall be liberally construed to the end that a child coming within the jurisdiction of the court may receive such care, guidance and control, preferably in the child's own home, as will lead to the child's welfare and the best interest to the public, and that when a child is removed from the control of the parents of the child the court may secure for the child care that best meets the needs of the child."

best interests of the child in deciding whether to grant the motion.

Additionally, the majority's reliance on OEC 402 is misplaced for two reasons. First, it presumes that, because no statute is applicable to this case, the trial court has no authority to exclude a child's testimony because it is not in the child's best interests. That presumption is based on a mischaracterization of OEC 402, which provides:

> "All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by Constitutions of the United States and Oregon, or by Oregon statutory *and decisional law*." (Emphasis supplied.)

It does not matter that no statute is involved in this case, because the decisional law—*Chandler v. State, supra*—is controlling.

Second, and more importantly, I question the applicability of OEC 402, which concerns the admissibility of evidence, not the ability of a party to call a witness to testify at trial. Under *Chandler v. State, supra,* we review for abuse of discretion. The trial court had before it evidence that supported its order. On the record, the trial court did not abuse its discretion.