Argued January 20, reversed February 7, petition for modification denied February 14, 1928.

## MAY LAKSON v. JOHN LAKSON.

### (263 Pac. 891.)

**Divorce—Wife, Suing for Divorce, had Right to Controvert Husband's Evidence and Rebut His Charges.**

1. In suit in which both wife and husband sought a divorce, where, after wife rested and while husband was introducing testimony, trial court, without giving wife opportunity to rebut it, granted divorce to husband, she was thereby erroneously deprived of right to controvert husband's evidence.

**Appeal and Error—Rule That Error cannot be Predicated on Objection Unless Witness' Evidence is Shown is Inapplicable to Refusal of Court to Hear Rebuttal Testimony.**

2. Rule that, where objection is made to question to witness and objection is sustained, error cannot be predicated thereon unless witness' testimony is shown by record, is inapplicable to exclusion of rebuttal or other testimony which is excluded not because of supposed inadmissibility but because of refusal to permit party to introduce testimony in support of material issue.

Divorce—Refusal to Proceed With Trial to Give Wife Opportunity
to Rebut Evidence Held Reversible Error, Evidence Already Re-
ceived not Being so Full as to Preclude Reasonable Doubt
(Or. L., § 856).

3. Where both husband and wife sought divorce, and where,
after wife rested and during husband's testimony, court, without
giving wife opportunity to rebut it, granted husband a divorce,
refusal to permit trial to proceed further was reversible error
where facts did not bring case within rule of Section 856, Or. L.,
empowering court to stop introduction of testimony on point where
evidence thereon precludes reasonable doubt.

Divorce—Divorce in Oregon is Limited to Grounds Defined by
Statute (Or. L., § 507).

4. In Oregon, grounds on which divorce may be granted are
limited to those defined by Section 507, Or. L., and, unless exist-
ence of one or more of grounds is established by proof, courts
are without authority to grant divorce.

Divorce—Proof of Wrong Defined by Statute as Causes for Divorce
must be Clear and Satisfactory (Or. L., § 507).

5. Equity will not render aid to dissolve marriage, unless proof
of such wrong, defined by Section 507, Or. L., as cause for
divorce, is clear and satisfactory.

Divorce—To Prevent Fraud and Collusion Between Parties to
Divorce Suit, the State is Deemed a Party Defendant (Or. L.,
§ 1020).

6. To prevent fraud and collusion between parties to suit for
divorce, the state, under Section 1020, Or. L., is deemed a party
defendant.

Divorce—Evidence Held to Show That Neither Husband nor Wife
was Entitled to Divorce for Cruelty (Or. L., § 507).

7. Where both husband and wife sought divorce, evidence *held*
to show that neither was entitled to divorce on ground of cruelty,
within Section 507, Or. L.

---

Appeal and Error, 4 C. J., p. 71, n. 97.
Divorce, 19 C. J., p. 36, n. 63, p. 131, n. 97, p. 142, n. 52, p. 195,
n. 40.
Trial, 38 Cyc., p. 1342, n. 13.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 2.

For appellant there was a brief over the name of
*Mr. Edward J. Shinners,* with an oral argument by
*Mr. Harry G. Hoy.*

---

4. See 9 R. C. L. 252.
6. See 9 R. C. L. 253.

For respondent there was a brief and oral argument by *Mr. Elton Watkins.*

RAND, C. J.—This is a suit in which both plaintiff and defendant are seeking to obtain a divorce. During the trial, after plaintiff had rested her case and while defendant was introducing testimony in his own behalf, the trial court, without giving plaintiff any opportunity to rebut the evidence offered by defendant, made the following announcement:

"I don't think I care to hear any more evidence. I am ready to decide it right now. The defendant and cross-complainant will be awarded a decree of divorce, and further the court holds that he is the sole owner of the property asked for in the complaint; and the plaintiff will be restored to her former name. The defendant will be required to pay the costs to date, and additional attorney's fees of $25.00. These people have been foolish in their marriage and there is no use of the thing going any further."

Thereupon, defendant paid said sums and a decree was then entered, awarding a divorce to defendant and requiring plaintiff to quitclaim to defendant any interest she might have in defendant's real property, and providing that, upon plaintiff's failure to execute and deliver such deed within ten days from the date of the decree, the decree should stand in lieu of the deed and operate to vest in defendant the absolute and unconditional title to said real property. Subsequently, on motion of plaintiff for an order to vacate and set aside the decree and to permit plaintiff to introduce rebuttal testimony, the court held that the decree would be vacated and plaintiff permitted to introduce rebuttal testimony on condition that she should bear all of the expense thereof and that her

testimony should be confined to rebuttal testimony only. Upon her refusal to comply with such conditions, the motion was denied and said decree was confirmed, and plaintiff appealed.

In *Salisbury* v. *Goddard,* 79 Or. 593 (156 Pac. 261), this court, speaking through Mr. Chief Justice MOORE, said:

" * * A sense of fairness will prompt a court so to regulate the trial of a cause as to afford to each party a reasonable time and proper opportunity to present his side of the case for consideration."

1–3. While the evidence offered by plaintiff was not, as we shall show, sufficient to entitle her to a divorce, yet she had the right to controvert the evidence offered by the defendant and she was deprived of that right by the unwarranted action of the trial judge who, by his order, deprived her of the opportunity to deny the truth of any of the charges which the defendant had made against her. The defendant contends, however, that, since no showing was made by plaintiff of what testimony she would have offered if she had been permitted to proceed with the trial, the case comes within the rule that where an objection is made to a question propounded to a witness while upon the witness-stand and the objection is sustained, error cannot be predicated thereon unless the evidence which the witness would have given if he had been permitted to testify is shown by the record. That rule applies only where proof of a fact is excluded because of some supposed legal objection to its admissibility, which objection cannot be determined without knowledge of the particular fact which the witness would have sworn to, and it has no application to the exclusion of rebuttal or any other testimony which is excluded not because of its supposed

inadmissibility but because of the refusal of the court to permit one or more of the parties to introduce testimony in support of some material issue in the case. Nor did the facts of this case bring it within the rule provided by Section 856, Or. L., which gives to the court the power to stop the introduction of further evidence upon any particular point where the evidence upon it is already so full as to preclude reasonable doubt. For this error upon the part of the court in refusing to permit the trial to proceed, we are compelled to reverse the decree.

4. But there is a greater and more insurmountable objection to the validity of this decree. We are unable to find any evidence in the record which entitled either party to a divorce. The grounds upon which a divorce may be granted in this state are limited to those defined by Section 507, Or. L., and unless the existence of one or more of such statutory grounds is established by proof, no court has authority to grant a divorce: *Weber* v. *Weber*, 16 Or. 163 (17 Pac. 866); *Leefield* v. *Leefield*, 85 Or. 287 (166 Pac. 953).

5. The policy of the law is to uphold and sustain the marriage relation, and courts of equity will not render their aid to dissolve it unless the proof of some wrong defined by statute as a cause for divorce is clear and satisfactory. See *Hawley* v. *Hawley*, 101 Or. 649 (199 Pac. 589), and authorities there cited.

6. In order to prevent fraud or collusion between the parties to a suit for the dissolution of the marriage contract and to protect the interest of the public in the preservation of the marriage relation, the statute, Section 1020, Or. L., declares that the state is to be deemed a party defendant and requires the plaintiff in divorce suits to cause the summons to be served upon the district attorney of the district in which the suit is commenced and makes it his duty,

so far as necessary to prevent fraud or collusion, to control the proceedings on the part of the defense and, if there is no appearance by the defendant in the suit, to make a defense therein on behalf of the state.

7. Applying these principles to the facts established upon the trial, it appears that neither party was entitled to a divorce. The evidence shows that plaintiff and defendant were both residents of the State of Oregon and that, after an acquaintance of but one day, they intermarried at Vancouver, Washington, on March 24, 1925, and the record shows that on May 15, 1925, plaintiff commenced this suit for a divorce, alleging as the grounds therefor the cruel and inhuman treatment of the defendant, and that the defendant made a similar charge against the plaintiff. The evidence also shows that this was plaintiff's third and defendant's fourth matrimonial venture. The testimony offered by both parties to this suit was for the most part either hearsay and incompetent, or wholly irrelevant and immaterial. In fact, every rule of evidence and of procedure seems to have been disregarded both by court and counsel. So far as there was any material evidence offered, it tended only to support matters of trivial importance and which, if true, would not entitle either party to a divorce. Whether, if the trial had been permitted to proceed, either party would have been able to have established any facts which would have entitled them to a divorce is purely a matter of conjecture and highly improbable. Having lightly assumed marriage relations with each other, they must abide by the consequences unless they can establish by clear and satisfactory proof that one or the other of them is guilty of those acts which the statute provides shall be the only grounds upon which a divorce can be granted.

There being no testimony which entitled either party to a divorce, the decree appealed from will be reversed and the cause will be remanded to the court below, with directions to permit either party, if there are any legal grounds upon which a divorce can be granted, to establish the same by clear and satisfactory proof or else to dismiss the suit, and it is so ordered; neither party to recover costs in this court.

REVERSED AND REMANDED, WITH DIRECTIONS.
PETITION FOR MODIFICATION DENIED.

BEAN, BELT and BROWN, JJ., concur.