*[671]
 
 RICHARDSON, J.
 

 Father appeals an order of the circuit court requiring him to pay $50 per month for the support of each of his six children residing in Utah. The proceeding was initiated by the mother in Utah pursuant to the Uniform Reciprocal Enforcement of Support Act (UR-ESA), ORS ch 110.
 

 Father claims, inter alia, he was denied the statutory and constitutional right to produce redirect testimony, to present further witnesses and oral argument.
 

 In the URESA proceeding the respondent, the father in this case, has the burden to show cause why the relief sought from the initiating state should not be granted. ORS 110.171. During cross-examination of the father, who was the first witness, the following occurred:
 

 "THE COURT: I have heard enough. Be the order of the Court the defendant will pay through the Clerk of the Court, for each one of the minor children named in the petition, the sum of $50 a month, commencing forthwith.”
 

 The court then concluded the proceedings and took up other, unrelated court business. Later that day the attorney for the father asked that the proceedings be reopened in order for him to finish his presentation of evidence. He explained his reasons as follows:
 

 "Well, your Honor, we were trying to get to the reason for his situation and the reason why at this point he has been unable to pay and the reason why he is questioning the state of Utah’s order in this matter. The family situation I don’t think was fully able to be brought out.”
 

 The court denied his request.
 

 The effect of the court’s ruling was to deny the father the right to redirect examination, to present further witness or evidence and to present argument.
 

 The court, in the exercise of sound discretion, may control the presentation of evidence, the examination
 
 *[672]
 
 of witnesses and the progress of the trial. The bounds of this discretion are in some measure set out by statute. ORS 45.530 provides:
 

 "The court may exercise a reasonable control over the mode of interrogation, so as to make it as rapid, as distinct, as little annoying to the witness and as effective for the extraction of the truth as may be; but subject to this rule, the parties may put such legal and pertinent questions as they see fit. The court, however, may stop the production of further evidence, upon any particular point, when the evidence upon it is already so full as to preclude reasonable doubt.”
 

 ORS 45.550 provides:
 

 "A witness once examined shall not be reexamined as to the same matter without leave of the court; but he may be reexamined as to any new matter upon which he has been examined by the adverse party. After the examinations on both sides are concluded, the witness shall not be recalled without leave of the court. Leave is granted or withheld in the exercise of a sound discretion.”
 

 It does not appear the ruling of the court was based upon a conclusion the evidence was already so full as to preclude reasonable doubt, ORS 45.530, or that redirect examination was not warranted, ORS 45.550. The import of the ruling was that the court had made up its mind and was not willing to hear further evidence or argument.
 

 The right to produce material evidence, confront adverse evidence and have counsel present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant. He may choose, of course, not to avail himself of the right but the opportunity must be extended. In this case to sustain the court’s decision we must speculate that the father could have presented no further material evidence or could not have presented a legitimate, cogent argument on the facts and the law. On this record we decline to so speculate.
 

 
 *[673]
 
 The petitioner mother argues we cannot consider this assignment of error because respondent father did not make an offer of proof. In a factually similar case, the Supreme Court ruled such an offer of proof was unnecessary. In
 
 Kreutzer v. Kreutzer,
 
 226 Or 158, 359 P2d 536 (1961), a divorce suit, the trial court had declined to allow the defendant to present evidence through the testimony of two witnesses. The Supreme Court said:
 

 "* * * [A]n offer to take the testimony under the equity rule, would have been unavailing; for the court’s ruling was not based upon an objection to a question * * * ” 226 Or at 161.
 

 The court then quoted from
 
 Lakson v. Lakson,
 
 124 Or 219, 263 P 891 (1928), the following statement of the rule:
 

 «* * * That rule applies only where proof of a fact is excluded because of some supposed legal objection to its admissibility, which objection cannot be determined without knowledge of the particular fact which the witness would have sworn to, and it has no application to the exclusion of rebuttal or any other testimony which is excluded not because of its supposed inadmissibility but because of the refusal of the court to permit one or more of the parties to introduce testimony in support of some material issue in the case. * * *” 124 Or at 222-23.
 

 In
 
 Lakson v. Lakson, supra,
 
 a divorce suit, the trial court cut off the presentation of evidence and said: " T don’t think I care to hear any more evidence. I am ready to decide it right now. * * *’ ” The Supreme Court in reversing and remanding for a new trial said:
 

 " '* * A sense of fairness will prompt a court so to regulate the trial of a cause as to ¿ford to each party a reasonable time and proper opportunity to present his side of the case for consideration.’ ” 124 Or at 222.
 

 Reversed and remanded.