Argued and submitted September 15, 1981,
reversed and remanded February 2, 1982

STATE ex rel COUNTY OF
HUMBOLDT et al,
*Appellants,*
*v.*
DANIELSON,
*Respondent.*

(No. 15-81-00978, CA A20748)

639 P2d 1300

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Humboldt County, California, and Laura J. Seymour appeal a trial court's order dismissing with prejudice their complaint to recover past and future child support from defendant father under the Uniform Reciprocal Enforcement of Support Act (URESA), ORS ch 110. We reverse and remand.

Laura Seymour and defendant were divorced in Lane County in 1973. In 1975, the court awarded custody of the parties' four minor children to defendant. In 1976, the mother took two of the four children to Humboldt County without defendant's consent. Since that time defendant has provided no support for those two children. The other two children remained in Oregon with their father. Humboldt County seeks reimbursement for the support it has provided through the Aid to Families with Dependent Children program for the two children in the physical custody of the mother. Plaintiffs contend that the circuit court erred in denying them the opportunity to present their case.

The mother was not present at the hearing. She and Humboldt County were represented by an Assistant Attorney General assigned to the Support Enforcement Division. ORS 110.165. The trial court interrupted the direct examination of plaintiffs' first witness, engaged in a short discussion with plaintiffs' counsel and thereupon summarily ruled from the bench as follows:

"THE COURT: * * * I'm not going to tolerate U.R.E.S.A. if the purpose of it is for people not to come up here and bite the bullet. Dismissed. Prepare me the order, * * *.

"MR. JORDAN: May I make a record?

"THE COURT: Don't bother me anymore about this case. That is all. Don't bring it back here again."[1]

In *State ex rel Fulton v. Fulton,* 31 Or App 669, 571 P2d 179 (1977), we concluded under similar circumstances that the trial court's action denied defendant a fair hearing. There, the court interrupted cross-examination of the

---

[1] Apparently the trial judge was upset because the mother had not submitted herself to the personal jurisdiction of the court, which might have found her in contempt for removing the children from the father's physical custody.

father, who was the first witness, and summarily ordered him to pay child support. The court thereby denied the father the right to redirect examination, to present further witnesses or evidence and to argue the case. In *Fulton,* we emphasized:

"The right to produce material evidence, confront adverse evidence and have counsel present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant. He may choose, of course, not to avail himself of the right but the opportunity must be extended. * * *" 31 Or App at 672.

In this case, as in *Fulton,* it does not appear that the ruling of the court was based upon a conclusion the evidence was already so full as to preclude reasonable doubt, ORS 45.530,[2] or that reexamination was unwarranted. ORS 45.550.[3] The import of the ruling was that the court had made up its mind and was not willing to hear further evidence or argument. Under those circumstances, the court erred in preventing plaintiffs from presenting and arguing their case. *See also* ORS 110.185.[4]

Because we reverse and remand, we do not consider the merits of whether defendant was obligated to make support payments to plaintiffs under URESA.

Reversed and remanded.

---

[2] ORS 45.530 provides:

"The court may exercise a reasonable control over the mode of interrogation, so as to make it as rapid, as distinct, as little annoying to the witness and as effective for the extraction of the truth as may be; but subject to this rule, the parties may put such legal and pertinent questions as they see fit. The court, however, may stop the production of further evidence, upon any particular point, when the evidence upon it is already so full as to preclude reasonable doubt."

[3] ORS 45.550 provides:

"A witness once examined shall not be reexamined as to the same matter without leave of the court; but he may be reexamined as to any new matter upon which he has been examined by the adverse party. After the examinations on both sides are concluded, the witness shall not be recalled without leave of the court. Leave is granted or withheld in the exercise of a sound discretion."

[4] ORS 110.185 provides in part:

"A responding court shall not * * * refuse a hearing under this chapter because of any * * * prior action or proceeding for * * * custody in this or any other state. The court shall hold a hearing * * *."