Argued and submitted April 30,
reversed and remanded July 8, 1982

# STATE ex rel
# STATE OF CONNECTICUT et al,
*Appellants,*

*v.*

# LEVINE, aka Weissman,
*Respondent.*

## (No. R 79-01-60254, CA A22975)

647 P2d 985

Dale W. Conn, Senior Deputy District Attorney, Portland, argued the cause for appellants. With him on the brief was Michael D. Schrunk, District Attorney, Portland.

Albert A. Menashe, Portland, waived appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a domestic relations matter in which a nonresident custodial parent (petitioner-father) is attempting to secure child support from a resident noncustodial parent (respondent-mother).

In December, 1978, a URESA[1] petition was forwarded to Multnomah County from Connecticut on behalf of father, stating that three of the parties' five children, all teenagers, were living with father, and seeking child support contribution from mother in the amount of "5% of [her] gross income for each minor child to be paid on a monthly basis per divorce decree." The record discloses that there have been four hearings on this petition.

The *first,* on April 17, 1979, resulted in a finding that "[t]he defendant [mother] is not employed in a regularly salaried position but is working as an independent contractor. The defendant is financially unable to pay support at this time." The court continued the matter for 180 days. The *second,* on November 1, 1979, was before a different judge and resulted in a similar conclusion, and the matter was again continued. The *third,* on April 11, 1980, before still a different judge, ended with the same result, and the matter was again continued for a later review of mother's ability to pay.

The *fourth* hearing, the subject of this appeal, was held on July 13, 1981, before yet another judge. For the purpose of that hearing, father's petition was combined with mother's motion to dismiss the petition. During father's direct examination of mother, the first witness, the court took over the questioning and, after eliciting from her testimony that she and her domestic associate had a combined maximum annual income of $14,400 and from the district attorney a stipulation that father had a net income of $50,000 per year, the court dismissed the case. Counsel's request to be heard further was refused. He then asked "to go under the rule" so that his "offer of proof" could be made part of the record. This, too, was refused. The court stated, "You're going to have to re-set it, if you want to have something put on under the rule, Mr. Conn. I have a

---

[1] Uniform Reciprocal Enforcement of Support Act, ORS chapter 110.

courtroom full of people." The hearing was then ended. The eventual order signed by the court on November 2, 1981, dismissed the petition with prejudice. Father appeals.[2]

■  We hold that the trial court erred in preventing father from presenting his case-in-chief. Accordingly, we reverse and remand.

In *State ex rel Fulton v. Fulton,* 31 Or App 669, 571 P2d 179 (1977), also a URESA proceeding, the petitioning mother had called the father as her first witness. While the witness was being cross-examined by his attorney, the trial court interrupted and said, "I've heard enough" and thereupon entered a child support order and refused to allow father's attorney to reopen the proceedings. This court said:

> "It does not appear the ruling of the court was based upon a conclusion the evidence was already so full as to preclude reasonable doubt, ORS 45.530, or that redirect examination was not warranted, ORS 45.550. The import of the ruling was that the Court had made up its mind and was not willing to hear further evidence or argument.
>
> "The right to produce material evidence, confront adverse evidence and have counsel present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant. He may choose, of course, not to avail himself of the right but the opportunity must be extended. *In this case to sustain the court's decision we must speculate that the father could have presented no further material evidence or could not have presented a legitimate, cogent argument on the facts and the law. On this record we decline to so speculate.*
>
> "* * * * *
>
> "In *Lakson v. Lakson,* [124 Or 219, 263 P 891 (1928)], a divorce suit, the trial court cut off the presentation of evidence and said: ' "I don't think I care to hear any more evidence. I am ready to decide it right now. * * *" ' The Supreme Court in reversing and remanding for a new trial said:
>
> " ' "* * * A sense of fairness will prompt a court so to regulate the trial of a cause as to afford to each party a reasonable time and proper opportunity to present his side

---

[2] Mother did not submit a brief. Her attorney informed this court by le[t]ter dated January 29, 1982, that his client had instructed him "to do nothing furt[her] on her behalf and to allow this matter to proceed on the record."

of the case for consideration." ' 124 Or at 222." (Emphasis added.) 31 Or App at 672-73.

In *State ex rel County of Humboldt v. Danielson,* 55 Or App 786, 639 P2d 1300 (1982), involving similar circumstances, we concluded that the trial court's action denied the defendant a fair hearing. There, the father had been awarded custody of the parties' four children. The mother took two of the children to California without the father's consent. Humboldt County, California, and the mother sought child support from the father under URESA. During the hearing, at which the mother did not appear,[3] the judge interrupted the direct examination of the petitioner's first witness, engaged counsel in a brief discussion, and then summarily dismissed the matter from the bench, stating as follows:

> " 'THE COURT: * * * I'm not going to tolerate U.R.E.S.A. if the purpose of it is for people not to come up here and bite the bullet. Dismissed. Prepare me the order, * * *.
>
> " 'MR. JORDAN: May I make a record?
>
> " 'THE COURT: Don't bother me anymore about this case. That is all. Don't bring it back here again.' " (Footnote omitted.) 55 Or App at 788.

The order dismissed the matter with prejudice. In reversing and remanding, we said:

> "In this case, as in *Fulton,* it does not appear that the ruling of the court was based upon a conclusion the evidence was already so full as to preclude reasonable doubt, ORS 45.530, or that reexamination was unwarranted. ORS 45.550. The import of the ruling was that the court had made up its mind and was not willing to hear further evidence or argument. Under those circumstances, the court erred in preventing plaintiffs from presenting and arguing their case. *See also* ORS 110.185."[4] 55 Or App at 789.

---

[3] We observed in *State ex rel County of Humboldt v. Danielson,* 55 Or App 788, n 1, 639 P2d 1300 (1982), that:

"Apparently the trial judge was upset because the mother had not submitted herself to the personal jurisdiction of the court, which might have found her in contempt for removing the children from the father's physical custody."

[4] ORS 110.185 provides, in part:

Here, the denial of father's right to present his case was clearly error for the same reasons.[5]

■	Although we need not decide the questions presented by the remaining assignments of error, we believe that a point raised in one of those assignments merits attention. Father contends in that assignment and argument, *inter alia,* that the court erred in dismissing the URESA petition "with prejudice" without making specific findings of fact, as required by ORCP 54B(2).[6] Although it is somewhat contradictory to suggest that a matter within the continuing jurisdiction of the court (*i.e.,* the enforcement of the child support provisions of a decree) may be dismissed "with prejudice," we assume, for the purposes of this discussion, without deciding, that dismissal "with prejudice" may at times be appropriate in such a case, and we conclude that when a court takes such action, the requirements of ORCP 54B(2) must be met. *See Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981).

■	Here, it is clear that the court made no findings at the time of the July 13, 1981, hearing. It is also clear that when the court later did make findings, it applied an inappropriate standard. In September, when the two attorneys sought to settle the form of the order, the judge stated that the judges at the prior hearings had "found that there

"A responding court shall not * * * refuse a hearing under this chapter because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, support order, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hearing * * *."

[5] ORS 45.530 and 45.550 were repealed by Or Laws 1981, ch 892, § 98. Section 101 of the same Act provides in part:

"This Act shall take effect on January 1, 1982."

The order dismissing father's URESA petition was entered on November 17, 198

[6] ORCP 54B(2) provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against plaintiff or may decline to render any judgment until the close of all evidence. If the court renders judgment of dismissal with prejudice against plaintiff, the court shall make findings as provided in Rule 62."

had been no *change of circumstances.*" She recalled that she had not made such a finding, and said "* * * but I will make that now * * *." Later, in the colloquy, she more precisely articulated this conclusion by making an express finding "that the circumstances of Dr. Weissman [petitioner] have improved financially and that the financial circumstances of the respondent, Mrs. Weissman, have remained the same and, therefore, the relief sought is not justified and the case is dismissed."[7]

This is not a case where the burden is on father to show a "substantial change of circumstances." In this URESA proceeding, father seeks to enforce the provisions of a decree of dissolution. The rule requiring proof of a "substantial change of circumstances" applies only in situations where a party to a previous order is attempting to amend or modify the order. *See* ORS 107.135. That is not the situation here.

Father is entitled to a full hearing on the issues presented in his petition.

Reversed and remanded for a determination of mother's child support responsibilities, if any.

---

[7] The trial judge's reasoning is best shown by this statement made to the deputy district attorney, in explanation of her ruling, during the September court appearance:

"[THE COURT]: * * * But my concern is that this woman has been forced to retain attorneys and to come into court on four separate occasions since 1979 by your office, and I know that you are obligated to represent anyone who is entitled to support, Mr. Conn, but as a very practical matter, Dr. Weissman is well able to retain attorneys to represent him in any matter he chooses, and if he chooses to use a public attorney, I guess the law allows him to do that, but it doesn't allow her to defend with a public attorney and, nevertheless, she is the one who has been living on very restricted resources.

"So I don't want to see this case brought again unless there has been a real change of circumstances. I think its gotten to the point where this woman is being harassed."