Argued and submitted July 8, reversed and remanded September 30, 1992

## Audry J. HURST,
*Appellant,*

*v.*

## MUTUAL OF ENUMCLAW,
*Respondent.*

## (91-CV-0110-MS; CA A71664)

838 P2d 618

George W. Kelly, Eugene, argued the cause for appellant. With him on the briefs was Roy Dwyer, Bend.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief were Bryan W. Gruetter and Dunn, Carney, Allen, Higgins & Tongue, Bend.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff brought this action for a declaratory judgment against her automobile insurer for underinsured motorist coverage. Both parties moved for summary judgment. The court ruled for defendant, holding that plaintiff was not entitled to any relief under the policy, because she had settled the underlying claim without defendant's prior written approval. Plaintiff appeals, and we reverse.

Plaintiff's insurance policy with defendant carried underinsured motorist limits of $100,000 per person. Plaintiff's policy also carried this exclusion:

> "*We* do not provide Uninsured Motorist Coverage for *bodily injury* sustained by any person:
>
> "\* \* \* \* \*
>
> "b. If that person or their [*sic*] legal representative settles any part of this claim without *our* written consent."
> (Emphasis in original.)

In May, 1989, plaintiff was injured in an automobile accident with a third party, who was insured by Viking Insurance Company. Viking offered to settle with plaintiff for $25,000, its policy limit. On May 11, 1990, plaintiff's counsel wrote to defendant, informing defendant of the proposed settlement. That letter included this language:

> "This will exhaust all policies that the adverse party has pursuant to Section III (5) of your policy. This letter is our notice to you that we are accepting the $25,000 policy limit amount, and hereby make claim under the underinsured portion of our client's policy with you.
>
> "If we do not hear from you within ten (10) days of the date of this letter, we will assume that you agree with the above interpretation of your policy."

On June 4, 1990, defendant responded, saying, in part:

> "We have initiated our investigation and it would seem to indicate that more than one vehicle collided with [plaintiff's] automobile. In order to evaluate and respond to your anticipated settlement demand, we would appreciate the following information:
>
> "\* \* \* \* \*

"2. Verification of any and all payments made or proposed by all involved insurance companies and adjusters.

"* * * * *

"We hope to be in a position to discuss coverage and settlement of this case at your earliest convenience, and trust the above information will be forwarded."

After receiving that letter, plaintiff settled with the third party for $25,000. Plaintiff then sent defendant copies of the settlement agreement and the other information requested. Defendant claimed, and the trial court held, that plaintiff is not entitled to payment under her underinsured motorist coverage, because she settled with the tortfeasor without its written consent.

Plaintiff makes two assignments of error. First, she contends that the lower court failed to consider an affidavit from plaintiff's counsel opposing defendant's motion. After reviewing the record, we conclude the court did take the affidavit into account.[1]

Plaintiff also contends that defendant's letter raises a jury question as to whether defendant waived the policy's requirement of written consent before settlement. Viewing the evidence in the light most favorable to the nonmoving party, we conclude that a jury could read defendant's letter to say:

"In order to * * * respond to your *anticipated settlement demand* [under your underinsured motorist coverage], we would appreciate the following information:

"* * * * *

---

[1] Apparently, the court signed the wrong order and subsequently signed an amended order. The original order contains this statement:

"This matter having come before the court on defendant's Motion for Summary Judgment * * * *and the plaintiff not having filed any responding documents within the time set forth in ORCP 47C*, the court finds there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law * * *." (Emphasis supplied.)

The amended order provides:

"[T]he court having considered the *motion, memoranda, affidavits, exhibits and oral arguments*, the court finds there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law * * *." (Emphasis supplied.)

"2. Verification of any and all *payments made* [by Viking Insurance] * * *." (Emphasis supplied.)

Under that reading, the jury could conclude that defendant approved plaintiff's acceptance of Viking's offer to settle for the policy limits and was sending the letter in preparation of plaintiff's claim under her own policy. However, a jury might also conclude that defendant was collecting information on the accident itself and was not ready to approve the proposed settlement. The court erred in granting defendant's motion for summary judgment.

Reversed and remanded.