On appellant's motion for reconsideration filed November 22, 1993, reconsideration allowed; opinion (124 Or App 531, 863 P2d 1287) modified and adhered to as modified January 5, 1994

In the Matter of the Marriage of

Priscilla A. TRUITT,
*Respondent,*
*and*

Richard R. TRUITT,
*Appellant.*

(C90-2226DR; CA A73628)

866 P2d 497

Mark A. Johnson and Findling & Johnson for motion.

Carol G. Westendorf and Mason, Rowlette, McFarland, Westendorf & Richardson *contra.*

Before Deits, Presiding Judge, and Durham and Landau, Judges.

DEITS, P. J.

**DEITS, P. J.**

Husband seeks reconsideration of our opinion ordering modification of spousal support "effective from the date of entry of appellate judgment." 124 Or App 531, 537, 863 P2d 1287 (1993). He argues that our disposition regarding the award of spousal support is unclear. He also contends that our opinion contains two factual errors. We allow reconsideration to clarify our opinion.

Husband first argues that we erred in calculating his gross monthly income. In our opinion, we stated that husband's gross monthly income is $5,814 and that, in addition, he earns approximately $101 per month in investment income. However, we also noted that husband receives $11,500 per year in income that is not taxed. Husband is correct that we did not clearly state that the $11,500 is included in his gross income of $5,814 per month. However, this did not affect our conclusion because, in awarding spousal support, we correctly calculated husband's gross monthly income to be approximately $5,915.

Husband also argues that we erred in stating that there is no indication in the record that husband intended to "leave" Alaska. Husband's legal residence is Alaska. However, he lives in Oregon. Husband, as a federal employee subject to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USC App § 574, has declared that his legal residence is Alaska. We should have said that there is no evidence in the record indicating that husband intended to change his legal residence. That clarification, however, does not change our conclusion that the trial court did not err in relying on the testimony of wife's expert in calculating the tax consequences of husband's retirement assets.

Husband next argues that our instruction to the trial court to modify the award of spousal support "effective upon entry of appellate judgment" is unclear and that it could be read to mean that wife would not receive *any* spousal support between the time of the trial court's decision and entry of the appellate judgment. In the absence of an express contrary indication, when this court uses that language, it means that the trial court's spousal support award is effective until the

time of the entry of the appellate judgment, at which time modification of the award takes effect.

■      Husband argues, alternatively, that if our intent was to allow wife to receive the amount of spousal support awarded by the trial court until modified at the time of entry of appellate judgment, that such a disposition is unfair. According to husband, "[t]he better rule is the one adopted by this court in past cases, that its modification of the trial court's judgment on *de novo* review is effective as of the date of the original trial court judgment." That disposition may be appropriate in some circumstances. Here, however, we believe that the spousal support award should be modified at the time specified. As we found in our earlier opinion, wife suffers from post-traumatic stress disorder and is probably permanently disabled. We also noted:

> "Wife's earning capacity is limited because of her current health problems. However, the evidence indicates that she now has the ability to work on a part-time basis and that, once she recovers from the stress of the divorce, her earning capacity may increase." 124 Or App at 535.

Although we stated in our opinion that the spousal support award of $2,000 was excessive, what we should have said is that the award of $2,000 per month *indefinitely* was excessive. Anticipating that wife's health will improve, and that a step-down in support will encourage her to contribute to her own support, we adhere to our conclusion that the spousal support award should be modified to $1,500 per month at time of entry of appellate judgment.

Reconsideration allowed; opinion modified and adhered to as modified.