On appellant's petition for reconsideration/request for clarification filed February 14, reconsideration allowed; opinion (172 Or App 199, 17 P3d 491) adhered to May 2, 2001

## In the Matter of the Marriage of

### Nancy J. JONES,
### nka Nancy J. Miller,
*Respondent,*

*and*

### Ronald R. JONES,
*Appellant.*

### 97-DO-0594-AB; A108877

23 P3d 988

Steven K. Chappell, Bend, for petition.

Kevin J. McCarty, Bend, *contra*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Husband petitions for reconsideration of our decision in *Jones and Jones*, 172 Or App 199, 17 P3d 491 (2001), in which we reversed the trial court's denial of his motion to modify spousal support and modified the amount of husband's spousal support obligation. He requests clarification of two holdings in our opinion and also urges us to reexamine the method by which we calculated the income available to each spouse and to credit wife with additional income. We decline to reconsider the merits of our former decision but clarify our disposition of the case.

■　In our original opinion, we reversed the trial court's denial of husband's motion to reduce or terminate spousal support. The order encompassing the denial of husband's motion also contained an award of attorney fees to wife. Husband asks for clarification as to whether our reversal also vacated the trial court's award of attorney fees to wife. The answer is found in ORS 20.220(3), which provides:

> "When an appeal is taken from a judgment under ORS 19.205 to which an award of attorney fees or costs and disbursements relates:
>
> "(a)　If the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed; or
>
> "(b)　If the appellate court modifies the judgment such that the party who was awarded attorney fees or costs and disbursements is no longer entitled to the award, the party against whom attorney fees or costs and disbursements were awarded may move for relief under ORCP 71 B(1)(e)."

Our opinion reversed an order that "affects a substantial right * * * made in a proceeding after judgment or decree," ORS 19.205(c), and which was therefore a judgment for the purposes of appealability. Our reversal of that judgment also reversed the award of attorney fees contained in it.

■　Husband's second request of clarification regards the effective date of the reduction of spousal support. The current version of ORS 107.135(5)[1] allows the trial court to make the

_____

[1] ORS 107.135(5) provides:

modification retroactive.[2] In this case, husband presented evidence to the trial court to show delay on the part of wife and asked this court to make its modification retroactive to August 1999, when he filed his motion. We decline to do so here, where there are no compelling circumstances warranting such an action, and we note that in the absence of a directive from this court as to the effective date of an award, a trial court's judgment effectuating our decisions takes effect at the time the judgment is entered by the trial court. ORCP 70 B(2). *See also Rubey and Rubey,* 165 Or App 616, 623 n 9, 996 P2d 1006 (2000); *Truitt and Truitt,* 125 Or App 621, 623-24, 866 P2d 497 (1994).

Reconsideration allowed; opinion adhered to.

---

"Any modification of spousal support granted because of a change of circumstances may be ordered effective retroactive to the date the motion for modification was filed or to any date thereafter."

[2] *See* Or Laws 1997, ch 707, § 9. *Former* ORS 107.135(5) provided:

"Any termination or reduction of spousal support granted because of a change in circumstances shall not be retroactive, but shall be prospective from the date such order is issued by the court, unless the party opposing the motion has caused unreasonable delay in the proceedings, in which case the termination or reduction may be ordered effective retroactive to the date the motion for modification was filed or to any date thereafter."