Argued and submitted July 16, reversed and remanded October 31, 2001

In the Matter of the Marriage of

Kristine Lynn WISE,
*Respondent,*
*and*

Richard Charles WISE, Jr.,
*Appellant.*

C98 0769 DR; A107707

34 P3d 737

Ridgway K. Foley, Jr., argued the cause for appellant. With him on the briefs was Greene & Markley, P.C.

Charles M. Fryer waived oral argument and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Husband appeals from a judgment of dissolution. On *de novo* review, ORS 19.415(3), we reverse and remand.

Both parties appeared for trial, prepared, at the appropriate specified date. Before calling any witnesses or presenting testimony, however, wife represented to the court that the case had been settled. Husband disputed that claim and offered to present evidence that not all of the issues between the parties had been resolved. Specifically, husband argued that the parties had not agreed who would claim tax exemptions for the parties' two children or the precise amount of child support. After reviewing the court file and two documents provided by wife,[1] the trial judge found that a settlement had been reached and that there was therefore no need for a trial. The judge did not allow husband the opportunity to present evidence or further argument in support of his contention that no settlement had been reached or on the merits of the issues he alleged were not settled. He also prevented husband from entering an objection so as to preserve error.

On appeal, husband argues that the trial court erred in entering judgment without holding a trial. He argues that he did not stipulate to the terms of the claimed settlement and that he was, at the least, entitled to present evidence and argument on the issue of whether the parties had reached an agreement. We agree. Husband had a right to controvert the evidence of settlement offered by wife; the trial court's refusal to allow husband to present testimony or evidence on that matter deprived him of the opportunity for a hearing, contrary to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2] *See Lakson v.*

---

[1] Those documents were (1) a draft stipulated judgment of dissolution prepared by wife's attorney in the course of settlement negotiations, and (2) a letter from husband's attorney to wife's attorney requesting a number of changes to that proposed stipulated judgment.

[2] Husband does not raise any subconstitutional arguments, for example that by contesting the existence of a settlement he raised a question of fact that had to be tried. *See Hurst v. Mutual of Enumclaw*, 115 Or App 314, 838 P2d 618 (1992) (existence or nonexistence of settlement is a fact question that precludes summary judgment). We therefore do not follow our usual practice of avoiding constitutional questions if possible.

*Lakson*, 124 Or 219, 222, 263 P 891 (1928) (Wife "had the right to controvert the evidence offered by [husband].");  *State ex rel Fulton v. Fulton*, 31 Or App 669, 672, 571 P2d 179 (1977) ("The right to produce material evidence, confront adverse evidence and have counsel present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant. He may choose, of course, not to avail himself of the right but the opportunity must be extended.").

One remaining issue warrants our attention. Both parties argue that they are entitled to attorney fees on appeal. The judgment of dissolution from which husband appeals specifies that each party shall pay his or her respective attorney fees and costs. Our reversal of that judgment also reverses that award. *Jones and Jones*, 174 Or App 33, 35, 23 P3d 988 (2001). On remand, therefore, the trial court is charged with determining an appropriate and equitable attorney fee award for those fees and costs incurred by the parties before appeal and on remand.

Reversed and remanded.