Argued and submitted December 22, 2015, affirmed December 29, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE EDWARD LANDON,
*Defendant-Appellant.*

Linn County Circuit Court
14VI05306; A157349

388 P3d 1157

George W. Kelly argued the cause and filed the brief for appellant.

Nani Apo, Assistant Attorney General, filed the brief for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

Defendant challenges his conviction for speeding and for operating a vehicle without the required lighting, ORS 811.111 and ORS 816.330. He contends that the trial court denied him a full opportunity to present his defense. We review a trial court's actions to control the proceedings before it for abuse of discretion. *See State v. Rogers,* 330 Or 282, 300, 4 P3d 1261 (2000) ("It is well established that a trial court generally possesses broad discretion to control the proceedings before it."); OEC 611(1) (the court shall exercise reasonable control over the presentation of evidence). Because we conclude that the court acted within its allowable discretion and gave defendant sufficient opportunity to present his evidence and arguments, we affirm.

Oregon State Trooper Rummer issued defendant a citation for speeding and for driving without required lighting, which defendant contested. At trial, Rummer appeared on behalf of the state and defendant appeared *pro se.* The court heard sworn testimony from both Rummer and defendant.

Rummer testified first and stated that he saw defendant's pickup traveling at a high speed, which he later measured using radar. He also stated that defendant's vehicle did not have operating trailer lights.

Defendant interrupted Rummer's testimony to challenge its foundation and the content of the citation, asserting that the citation he received did not include the alleged or designated speed. The court explained that the citation filed with the court actually did contain the necessary information and asked that a copy of the citation be provided to defendant.

Rummer resumed his testimony and again stated:

"The truck was visibly past—or visibly fast and passing traffic in the A lane. * * * I was parked on the on-ramp and saw that there were no taillights on the trailer. I overtook and measured its speed with same lane radar and observed a reading of 82 miles per hour in the fastest display window. The tone emitted by the radar correlated with this speed. The vehicle was the lead vehicle in the target window."

When Rummer finished his direct testimony, defendant once again challenged the content of his citation, claiming, "I guess my right to discovery has been compromised because I never had a right to look at this, and the ticket I received doesn't indicate anything." After some discussion over what ticket defendant received and what the record indicated, the court again rejected defendant's claim and asked defendant whether he had any other evidence to offer.

Defendant then proceeded to cross-examine Rummer, challenging whether his visual observations regarding defendant's speed were or ever could be accurate. He also questioned Rummer about whether he knew how to operate his radar unit, given that Rummer did not know exactly how radar technology worked.

After that went on for several minutes, the trial judge interrupted the proceedings and stated:

"There's only actually ten minutes allowed for a traffic trial, and *we are already way beyond anything that would be relevant in this case*. So unless you have the testimony of somebody or some solid evidence that you were not traveling this speed, all of this stuff we're doing isn't getting us anywhere."

(Emphasis added.)

The judge further clarified that Rummer had already given testimony sufficient to prove that defendant was traveling at the alleged speed. He then told defendant, "Unless you have a technician here who's going to testify that that technician examined that radar and determined that it was faulty, all of these questions are a waste of time."

Defendant responded by resuming his challenge of Rummer's radar knowledge and unit maintenance, stating that he did not think his questions were a "waste of time." Shortly thereafter, the judge once again stopped defendant's cross-examination and stated that they were "done with that part."

Defendant then testified about his recollection of the traffic stop and his understanding of how radar technology works. He denied that he was speeding and, among other

things, testified that he owned and possessed a radar detector, which had allowed him to know exactly when Rummer had turned his radar on and off. He further claimed that, because he had seen Rummer on the road, "there's no way [he] would be doing 82 just in general." He also speculated about Rummer's motives and testified about a subsequent traffic stop also involving Rummer.

After defendant had testified for several minutes, the court again stopped the proceedings and announced that the state had proved both charges. Defendant objected, stating that he "never had a chance to discuss the lighting at all." The court responded that defendant had decided how to use his time, which it noted was three times the amount typically allotted to such proceedings.

On appeal, defendant contends that the court erred by ending the trial without allowing defendant to complete his evidentiary presentation. Defendant suggests that the court abused its discretion in ending the proceedings because there was no indication or ruling that the additional evidence he wanted to introduce was irrelevant, that he would "abuse the privilege of giving his testimony," or that "the kind of presentation he wished to make would be unreasonably time consuming." According to defendant, the "basis of the court's time limitation—the trial had simply taken longer than the court wanted a traffic case to take—was not reasonable." As such, defendant contends that the proceedings were not fundamentally fair.

The state responds that the court acted within its authority by terminating the proceedings when it did. The state observes that the court allowed defendant "three times the time it typically gives litigants to present their [traffic] cases" and that it warned defendant about spending too much time on evidence that would not help him. It argues that, ultimately, defendant "used his time unwisely, pursuing matters that the judge had told him were not helpful to his case and arguing with [Rummer and the court]." According to the state, had defendant taken full advantage of his opportunity to be heard, he would have had ample time to address all of his concerns, including the lighting violation.

Once more, we review a trial court's actions to control the proceedings before it for abuse of discretion. *See Rogers*, 330 Or at 300; OEC 611(1). A court's "exercise of * * * authority is reasonable only if it is fundamentally fair and allows opportunities for a reasonably complete presentation of evidence and argument." *Howell-Hooyman and Hooyman*, 113 Or App 548, 551, 833 P2d 328 (1992). We have previously indicated that the "right to produce material evidence, confront adverse evidence, and * * * present legitimate argument relating the facts and the law, is basic to a fair hearing for a litigant." *State ex rel Fulton v. Fulton*, 31 Or App 669, 672, 571 P2d 179 (1977). However, we have acknowledged that a litigant "may choose, of course, not to avail himself of [that] right." *Id.*

In this case, it is apparent from our review of the record that the trial court gave defendant a reasonable opportunity to present his evidence and arguments. In particular, defendant was given wide latitude to cross-examine Rummer and was allowed the opportunity to testify about his version of events. While it is true that defendant did not present a defense regarding the lighting violation, he had the opportunity to do so when he cross-examined Rummer and when he presented his own testimony. Instead, he chose to focus on evidence regarding the speeding citation that the court clearly indicated was not helpful to his defense. Even after the court notified defendant that such proceedings were typically scheduled for only 10 minutes, defendant continued to focus on evidence and arguments that the court had already stated would not help to exonerate him. Having given defendant sufficient opportunity present his defense, the court was within its discretion to conclude the proceedings. Under the limited circumstances presented here, the court reasonably could have inferred that continuing the proceedings would not have assisted with the resolution of the matters at issue. *See* OEC 611(1) (court shall exercise reasonable control over the proceedings to make presentation of evidence "effective for the ascertainment of the truth" and to "avoid needless consumption of time").

Affirmed.