80 January 4, 2024 No. 6

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Kelly Ann TROUT,
fka Kelly Ann Eitzen,
*Petitioner-Respondent,*
*and*

Mark James EITZEN,
*Respondent-Appellant.*

Washington County Circuit Court
16DR04709; A176845

James Lee Fun, Jr., Judge.

Argued and submitted June 21, 2023.

Peter Bunch argued the cause for appellant. Also on the briefs was The Law Firm of Peter Bunch, LLC.

John Moore argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and Kistler, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Husband appeals from a trial court judgment denying his request to modify or terminate a spousal support obligation. The sole issue presented to us on this appeal is whether wife's remarriage constituted a substantial, unanticipated change in economic circumstances despite wife entering into a premarital agreement with her new spouse that defines all income as separate property. For the following reasons, we hold that the trial court correctly concluded that there was not a substantial, unanticipated change in economic circumstances justifying either a modification or termination of husband's monthly support obligation to wife. Accordingly, we affirm.

We decline to exercise our discretion to review *de novo* as husband requests because he has not demonstrated that this is an "exceptional case" warranting such review. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c) (we exercise our discretion to review *de novo* only in "exceptional cases"). Accordingly, we recount the facts "consistently with the trial court's express and implied findings, supplemented with uncontroverted information from the record." *Tilson and Tilson*, 260 Or App 427, 428, 317 P3d 391 (2013) (internal quotation marks omitted).

The parties were married for 27 years and have three children together. Husband was the primary wage earner and wife was a homemaker. In May 2017, the parties divorced. As part of the dissolution judgment, the court found that husband's income was $421,530, gross, per year, and awarded wife $15,000 per month in indefinite maintenance spousal support.

In November 2017, wife remarried. Before her remarriage, wife and her new husband, Trout, signed a premarital agreement that defined each person's income from all sources, including spousal support, as separate property.

In 2018, after learning of wife's remarriage, husband filed a motion to modify his spousal support obligation. In the hearing on that motion, the trial court found that Trout was not providing financial support to wife and that Trout was "unlikely to have the means to do so in the

foreseeable future." However, based on evidence regarding wife's financial needs, the trial court concluded that husband proved sufficient unanticipated change of circumstances and reduced the spousal support obligation to $11,050 per month for seven months, with an additional payment of $26,600 from husband's 2018 bonus, $9,500 a month for 24 months, and then $7,500 per month thereafter.

In April 2020, husband filed a second motion—the subject of this appeal—to modify his spousal support obligation. The court held a hearing on husband's motion where it heard testimony from both parties and Trout. The court found that husband's income "remain[ed] durably high and within the range of income found by the court at the time of dissolution." Additionally, the court found that wife and Trout had made a focused effort to comply with the terms of their premarital agreement and that wife had not benefited from Trout's income. As such, the trial court denied husband's motion to modify or terminate his spousal support obligation.

On appeal, husband contends that the trial court erred in concluding that there was not a substantial, unanticipated change of circumstances that justified the termination or modification of husband's spousal support obligation. Husband's arguments primarily concern the court's findings regarding wife's access to Trout's income and the effect of the premarital agreement as to that determination. The crux of husband's argument, however, focuses on whether the trial court erred by not considering the extent of Trout's income that was "actually or potentially available" to wife.

ORS 107.135(1)(a) authorizes a court to modify an award of spousal support. The threshold issue in a spousal support modification case is whether there has been a substantial, unanticipated change in circumstances since the time of the earlier support order. ORS 107.135(3)(a). In reviewing the trial court's conclusion as to that issue, we consider "the trial court's implicit and explicit findings of historical fact regarding the parties' economic circumstances to determine whether those findings are supported by any evidence in the record." *Tilson*, 260 Or App at 431.

We then "review the court's determination that those facts constitute a substantial change in economic circumstance of a party under ORS 107.135(3)(a) for legal error." *Id.* at 431-32. If the court concludes that there has been a substantial, unanticipated change in economic circumstances, "then the trial court must determine what amount of support is 'just and equitable under the totality of the circumstances.'" *Id.* at 432 (quoting *Frost and Frost*, 244 Or App 16, 23, 260 P3d 570 (2011)). If we reach that determination, we review the court's ultimate conclusion for abuse of discretion. *Id.*

When determining whether a substantial change of circumstances exists to warrant modification or termination of spousal support, the trial court must "consider income opportunities and benefits of the respective parties from all sources[.]" ORS 107.135(4)(a). The first factor in evaluating spousal support after remarriage is whether the remarried party has increased income as a result of their new spouse. *Lenhart and Lenhart*, 213 Or App 480, 487, 162 P3d 292 (2007). That "potential shared income" is then weighed against the standard of living that was enjoyed during the previous marriage. *Id.* However, the new spouse's income is not automatically presumed as accessible to the remarried party. *Rubey and Rubey*, 165 Or App 616, 622, 996 P2d 1006 (2000). Rather, the trial court must consider whether the new spouse's income is *actually available* to the remarried party. *Davis v. Lallement*, 287 Or App 323, 329, 401 P3d 1230 (2017). Notably, whether the remarried party entered into—and is abiding by—a premarital agreement is part of that analysis. *Jones and Jones*, 172 Or App 199, 204, 17 P3d 491 (2001), *adh'd to on recons*, 174 Or App 33, 23 P3d 988 (2001). The above determination is not a matter of the court's discretion, rather the "overall record must support the court's factual findings as to what amount of income is, in fact, available." *Davis*, 287 Or App at 329.

In the present case, the trial court did not err in concluding that there was not a substantial, unanticipated change in economic circumstances justifying the modification or termination of husband's spousal support obligation. In making that decision, the trial court did not rely solely on the terms of the premarital agreement. Instead, the court

properly considered all the evidence in the record to conclude that Trout and wife rigorously separated their income and assets. That evidence included undisputed testimony from wife stating that her only sources of income came from the spousal support award and her earnings from working at a winery. Further, exhibits and testimony reveal that, other than a Comcast bill and some home improvement costs, wife pays for all expenses related to her house, including the mortgage, taxes, and utilities. Thus, the evidence in the record supports the trial court's finding that wife and Trout clearly delineated their income and assets as separate property. That rigid segregation of property—along with the terms of the premarital agreement—do not support husband's argument that Trout's income is "actually or potentially" available to wife.

Finally, the trial court noted that husband's income remained "durably high" and that any alleged reduction in his income was accommodated for in husband's previous motion to modify his support obligation. Thus, neither husband's earning capacity, nor wife's reliance on the spousal support, have substantially changed since entry of the last judgment. The trial court did not err in concluding that there was no substantial change in economic circumstances justifying the modification or termination of husband's spousal support obligation.

Affirmed.