No. 349 April 16, 2025 797

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MONSON VENTURES, LLC,
an Oregon limited liability company,
*Petitioner-Respondent,*

*v.*

William MURPHY,
an individual,
*Respondent-Appellant.*

Clackamas County Circuit Court
23CV00766; A181377

Michael C. Wetzel, Judge.

Argued and submitted December 6, 2024.

Aurelia Erickson argued the cause for appellant. Also on the briefs was Chenoweth Law Group, PC.

F. James Healy argued the cause for respondent. Also on the brief were Jarvis Bridge Halttunen & Weyer, LLC and Healy & McCann, PC.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Reversed and remanded.

_____

* Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**HELLMAN, J.**

Respondent William Murphy appeals an order granting Monson Ventures, LLC's (Monson) petition for dismissal and ordering Murphy to dismiss the parties' pending arbitration claim. In a single assignment of error, Murphy argues that the trial court erred because he was entitled to present evidence concerning the existence of an agreement to arbitrate. For the following reasons, we reverse.

The relevant facts are undisputed. After Murphy initiated arbitration with Monson, Monson filed a petition to dismiss the arbitration claim in circuit court under ORS 36.625(2), arguing that "there is no enforceable agreement to arbitrate."[1] The trial court subsequently issued an order that provided:

"It is ordered that you, [Murphy], appear in person in the Clackamas County Circuit Court * * * and show cause why an Order should not be entered approving the dismissal of the arbitration claim."

The order further provided, in bold uppercase text:

"Court notice to the party served with the motion: The court will not hold a hearing on the date of your appearance. This date is an appearance date only. When you appear, the court will set the case for a hearing date."

Murphy appeared as ordered and requested a subsequent hearing so that he could "present evidence" concerning an agreement to arbitrate. The trial court denied the request and granted Monson's petition to dismiss the arbitration:

"[THE COURT]:   "[T]he matter before me in circuit court today is whether or not it should be in arbitration or not.

---

[1] ORS 36.625(2) provides:

"On petition of a person alleging that an arbitration proceeding has been initiated or threatened but that there is no agreement to arbitrate, the court shall proceed summarily to decide the issue as provided in subsection (8) of this section. If the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate."

In turn, ORS 36.625(8) provides:

"A judge shall decide all issues raised under a petition filed under ORS 36.600 to 36.740 unless there is a constitutional right to jury trial on the issue. If there is a constitutional right to jury trial on an issue, the issue shall be tried to a jury upon the request of any party to the proceeding."

"While I appreciate that it can be proven that it should be in arbitration through factual findings, I guess I'm not only inclined, but I'm going to find * * * in favor of [Monson] simply because—and I—I appreciate all the minutes and the notes and whatnot regarding the factual issues.

"But, like I said, [Murphy's] argument is about future factual matters, findings that would be made to keep it in arbitration, which, of course, if that couldn't be proven then you'd end up back in circuit court as we are now."

Murphy again requested an evidentiary hearing, pointing out that the court's order stated that "[t]his date is an appearance date only" and that "[w]hen you appear, the court will set the case for a hearing date." The court again denied his request.

"[THE COURT]:   Well, I'm reviewing [the] order, which says, 'An order to show cause why an order should not be entered approving dismissal of the arbitration claim.'

"So, again, I appreciate your position, but I'm going to have [Monson's counsel] draft the order allowing dismissal of the arbitration claim. And, frankly, if you end up back in arbitration again because of the factual finding, then maybe all this was for naught.

"But for me to rule otherwise besides what's before me today, I don't think is proper, so that's my ruling."

The court then entered an order granting Monson's petition and ordering Murphy to dismiss the arbitration claim. This appeal followed.

On appeal, Murphy argues that the trial court erred when it granted Monson's petition "without setting a later evidentiary hearing or permitting Murphy to present evidence of an enforceable agreement to arbitrate." Monson responds that "[t]rial courts have the discretion and authority to modify or clarify their own orders just as the circuit court did in this case when it dismissed the arbitration claim without postponing its decision and setting the matter for additional hearing."

Assuming without deciding that this is the kind of proceeding to which ORS 19.415(3)(b) applies we decline Murphy's request for *de novo* review because this is not an

extraordinary case. *See* ORS 19.415(3)(b) (providing that we may, "acting in [our] sole discretion, \* \* \* try the cause anew upon the record or make one or more factual findings anew upon the record"); ORAP 5.40(8)(c) (providing that we will "exercise [our] discretion" to review *de novo* "only in exceptional cases"). Although the parties note that we review the denial of a motion to compel or stay arbitration for errors of law, *EWEB v. MWH Americas, Inc.*, 293 Or App 41, 51, 426 P3d 142 (2018), "we review the trial court's exercise of control over the presentation of evidence and the examination of witnesses for abuse of discretion." *Douglas and Minzer*, 334 Or App 341, 345, 556 P3d 1041 (2024).

We have explained that a "court, in the exercise of sound discretion, may control the presentation of evidence" and that "[t]he bounds of this discretion are in some measure set out by statute." *State ex rel Fulton v. Fulton*, 31 Or App 669, 671-72, 571 P2d 179 (1977); *see also* ORS 1.010 ("[E]very court has power \* \* \* [t]o provide for the orderly conduct of proceedings before it."). However, a court's "exercise of \* \* \* authority is reasonable only if it is fundamentally fair and allows opportunities for a reasonably complete presentation of evidence and argument." *State v. Landon*, 283 Or App 131, 135, 388 P3d 1157 (2016) (internal quotation marks omitted); *see also Douglas*, 334 Or App at 345 (same).

We have reviewed the record and conclude that the trial court abused its discretion because its ruling prevented Murphy from making "a reasonably complete presentation of evidence." *Landon*, 283 Or App at 135 (internal quotation marks omitted). Here, Monson requested dismissal of the arbitration claim because, in its view, Murphy had failed to prove that an agreement to arbitrate existed. Although the trial court's order provided that "[t]he court will not hold a hearing on the date of [the] appearance" and that "the court will set the case for a hearing date," the trial court denied Murphy's request for an evidentiary hearing on that disputed fact and ruled on the petition. Because the trial court effectively prevented Murphy from presenting his case, we conclude that the trial court abused its discretion. *See Dominguez and Fields*, 286 Or App 504, 510, 399 P3d 472 (2017) ("[A]lthough a trial court has considerable discretion

in managing the parties' use of available court time, the court may not exercise that discretion so as to effectively prevent a party from presenting his or her case.").

Reversed and remanded.